THE TRUSTEES OF UNION COLLEGE, Appellants, *v.* WILLIAM H. WHEELER, Executor, .et al., Respondents.

(GENERAL TERM, FOURTH DEPARTMENT, JUNE, 1871.)

A purchase of land in 1828, made for and with the money of three persons, in the name of one of their number, created a resulting trust in the latter in favor of the other two to the extent of their contributions.

Contracts of sale and conveyances by such grantee would bind the remaining owners as the acts of their agent.

But contracts of sale made by the trustee under which no sufficient possession has been taken by the vendee will be postponed to a subsequent mortgage of the premises in the hands of a *bona fide* assignee. ·

And this is so, even although the assignor of the mortgage was chargeab'e with knowledge of the rights and equities of the vendee under the contracts.

Possession to operate as constructive notice of title to subsequent purchasers, etc., of lands must be open and visible by improvement of the premises, etc., in distinction from mere fencing, pasturing, cutting timber, etc.

THIS was an appeal by the plaintiff from a judgment entered upon the report of a referee in a suit brought to foreclose a mortgage for $2,800, executed by Philo Stevens to Benjamin Nott, July 18, 1833, and by the latter assigned the plaintiff. The facts appear in the opinion of the court.

*E. W. Paige* for the appellant.

*B. B. & G. N. Burt* and *J. H. Townsend,* for the respondents.

Present—MULLIN, P. J.; JOHNSON and TALCOTT, JJ.

MULLIN, J. Prior to October, 1828, James Mellen owned the premises in controversy. Mellen by deed dated the 1st day of that month conveyed them to one Aspinwall. Aspin-

wall made the purchase for himself, Philo Stevens and Benjamin Nott, each of whom advanced one-third of the purchase-money. On January 26, 1830, Aspinwall conveyed two-thirds of said premises in fee to Stevens. Nott, as I understand the case, was equitable owner of one-half of the premises conveyed to Stevens.

While Aspinwall held the title, contracts were executed to sundry persons for the sale of portions of said lands. Some of the purchasers went into possession of the lands so purchased, and they or their assignees paid up the purchase-money and received deeds.

After the deed from Aspinwall to Stevens, other parcels of land were contracted to be sold, the purchasers entered, the contracts were paid up and deeds given.

On the 18th July, 1833, Nott conveyed by quit-claim deed his interest in the premises to Stevens and took back a bond for $2,800 and a mortgage on the premises conveyed by Mellen as collateral. Nott on the 1st July, 1834, assigned the bond and mortgage to the plaintiff.

After this assignment was made, Nott, without the plaintiff's knowledge or consent, released to Stevens portions of said mortgaged premises, and Stevens thereupon conveyed the premises so released. The lots released were then and still are of greater value than the amount due on the bond and mortgage.

The persons purchasing prior to the mortgage to Nott went into possession of the lands purchased, cleared portions of the same, most of them erected buildings thereon and occupied them, and others cut and carried off timber from said lots. Nott knew that sales of portions of the lands were being made by Aspinwall and Stevens; that they received money therefor, and his proportion thereof was paid to him. He had no notice of the sale of any specific lots.

The referee has ordered judgment dismissing plaintiff's complaint as to the lands sold prior to the mortgage and as to the lands released after the same was given, and directs foreclosure and sale only of the remainder of said lands.

The Trustees of Union College *v.* Wheeler.

The plaintiff appeals and insists that it is not chargeable with notice of the rights of the purchasers of portions of the land, and that the release by Nott did not impair its lien on the premises released by him.

It will be unnecessary to enter upon an examination of the rights of the separate purchasers or of the separate lots released. They may be arranged into two classes, and the principles which govern them ascertained and applied. Should there be found a case requiring separate consideration it will be examined by itself.

1st. As to the lands sold before the mortgage was given to Nott.

Nott having paid one-third part of the purchase-money to Mellen, the conveyance to Aspinwall did not destroy that interest, and by the statute then in force a trust resulted to him in said lands to the extent of one-third part thereof. (*Jackson* v. *Sternbergh*, 1 John. Cas., 153; *Foote* v. *Colvin*, 3 J. R., 216; *North Hempstead* v. *Hempstead*, 2 Wend., 109; *Boyd* v. *McLean*, 1 John. Ch., 582; *Harden* v. *Harden*, 2 Sandf. Ch., 17.)

This trust having been created before 1830, is not affected by the provisions relating to resulting trusts in the Revised Statutes.

As between Aspinwall and Stevens and Nott, the former acted as his (Nott's) agent on the sale of the trust lands, and he was bound by the sales made by each of them.

When the contracts were entered into, the mortgage to Nott was not in existence. If it ever became a lien on the lands under contract, it was a lien subordinate to the rights of the purchasers. If the mortgagee could acquire any interest through a subsequent mortgage, it could only be in the purchase-money, unpaid at the time notice of the mortgage was given to the purchaser.

When the purchasers took deeds they were under no obligation to search for liens created after the making of their contracts of purchase, and they took the land purchased, discharged of all such liens.

The Trustees of Union College v. Wheeler.

The right of the purchasers to be protected against the mortgage does not, in my judgment, depend on whether or not the mortgagee Nott had actual or constructive notice of the sales to them by reason of their occupancy; as between him and the purchasers he is not to be treated as an encumbrancer, but as the vendor, and as such in law charged with knowledge of the acts of his agents who made the sale.

It would be most inequitable to permit Nott to pocket his share of the price of the lands, and then having obtained a mortgage from a joint owner of the property sold, as well as that unsold, foreclose his mortgage and sell the lands which had been paid for in satisfaction of the debt due from his co-owners.

If he can sell after part of the purchase-money is paid, he may sell after it is all paid. The law is chargeable with no such injustice. If Nott was foreclosing, I entertain no doubt but that the purchasers prior to the mortgage would have a perfect defence to the action.

The plaintiff is found by the referee to be a *bona fide* purchaser for value, without notice of the contracts of sale theretofore made, or that the purchasers were in possession. By this finding, I suppose is meant that plaintiff had no actual notice. That it is charged with constructive notice by reason of such occupancy, if it was of a character to constitute notice, is too well settled to admit of a doubt.

The plaintiff being a *bona fide* purchaser of the mortgage, is not chargeable with the notice which Nott had of the rights and equities of the purchasers. (*Bush* v. *Lathrop*, 22 N. Y., 535–549; *Jackson* v. *Henry*, 10 J. R., 185; *Jackson* v. *Van Valkenburgh*, 8 Cow., 260; *Varick* v. *Briggs*, 6 Paige, 323; *Fort* v. *Burch*, 5 Den., 187.)

But it is chargeable with constructive notice of the interest which the purchasers had in their lands purchased by them, and which were actually occupied by them. (*Fassett* v. *Smith*, 23 N. Y., 252; *Cook* v. *Travis*, 22 Barb., 338.)

The occupancy that is sufficient to charge a subsequent purchaser or incumbrancer with notice of the occupant's

rights must be open and visible, and he must actually improve the premises. Fencing, pasturing, or cutting timber, is not such an occupancy as will charge a purchaser or incumbrancer with notice. (*McMechan* v. *Griffing*, 3 Pick., 149, and cases cited; *Cook* v. *Travis, supra; Troup* v. *Hulbut*, 10 Barb., 354; 4 Kent's Com., 179, and notes.)

The referee finds that all the purchasers of Aspinwall or Stevens, before the mortgage was given, entered into possession of the lands purchased by them severally, improved the same, and erected dwellings thereon, except John Claus, Fellows, Mattison, Weed and Bowen.

We must presume, in view of this finding, that the occupancy of those who thus improved and occupied was such as to be notice to the plaintiff of their several interests in the lands.

It is found by the referee that those who are named above, soon after the date of their contracts, cut timber on the lands purchased and sold the same, and some of them cleared some part of the said lands; but there was no improvement, and no actual occupancy by residing on the land, receiving the rents and profits thereof, except from sale of timber. Such possession (if it can be called such) is not notice to the plaintiff, and hence the lands purchased by them are subject to the lien of said mortgage.

The release by Nott to Stevens being executed after the assignment to plaintiff, but before the same was recorded, was, in the absence of any proof of notice of such assignment to Stevens, operative to release the premises described in it from the lien of said mortgage. But as this release did not impair the lien of the mortgage upon the lands embraced in it and not sold by the mortgagor, it is not very important now to inquire to what extent the release affects the rights of the mortgagor.

If the lands hereinbefore referred to as sold, but not so occupied as to relieve them from the lien of the mortgage, are to be applied in satisfaction of the mortgage together with those held subject to it by the referee, the release may be wholly immaterial.

But if those parcels are to be treated as subject to the lien of the mortgage, and to be sold with such other lands as may be subject to it, in the inverse order of alienation, the release may protect such purchasers to the extent of the value of the land released; but these questions will more properly arise for discussion on another trial of the cause, and I shall therefore omit to consider them further now.

It follows that the judgment dismissing the complaint as to the parties defendant, who own the lands contracted to be sold to the several persons hereinbefore named, viz. : John Claus, Fellows, Mattison, Weed, and Bowen, must be reversed and a new trial ordered, costs to abide the event.

Judgment reversed.