SETH POPE, Respondent, *v.* ELIJAH M. ALLEN, Appellant.

Under the provision of the Code of Civil Procedure (§ 829), prohibiting a party to an action from testifying in his own behalf, against " a person deriving his title or interest from, through, or under a deceased person," concerning a personal transaction or communication between the witness and the deceased person, a party cannot testify to a conversation between himself and a deceased grantor, under whose conveyance the opposite party claims, although the latter was not the immediate grantee of the deceased, but derived title through one or more *mesne* conveyances.

The possession which will be sufficient to put one proposing to purchase real estate from the person having the record title on inquiry, and which will be equivalent to actual notice of rights or equities in another must be actual, open and visible, not equivocal or consistent with the title of the apparent owner by the record.

In an action of ejectment, plaintiff claimed under a deed from P., who was the grantee of R. Defendant claimed that the lands were purchased by him of R., and that P., who acted as his agent, fraudulently caused the title to be transferred to himself. It appeared that both defendant and P. lived upon the land at the time of the conveyance to plaintiff, and apparently occupied it jointly. Plaintiff had no actual notice of defendant's rights. *Held,* that as P. had the record title, the proper inference was that defendant's possession was under him, and in subordination to his title; and that, therefore, plaintiff was not chargeable with constructive notice of defendant's equities.

(Submitted October 19, 1882; decided October 27, 1882.)

APPEAL from judgment of the General Term of the Supreme Court, in the third judicial department, entered upon an order made May 14, 1881, which affirmed a judgment in favor of plaintiff, entered upon a verdict.

This was an action to recover possession of twenty-five acres of land situate in Cortland county.

Plaintiff claimed title under a deed from Nathaniel B. Pope, who derived title under a deed on record at the time plaintiff purchased from Jonathan Rogers.

The defendant claimed, among other things, that said Pope acted as his agent, merely in making the purchase from Rogers; that he, defendant, paid the purchase-money, but that Pope,

without his knowledge or consent, and in fraud of his rights, took the title in his own name. That defendant erected a dwelling-house on the premises at his own expense, and occupied the same, and was in possession at the time of plaintiff's purchase; also that the conveyance to the latter from Pope was executed with intent to defraud defendant. It appeared that prior to the purchase from Rogers, said Pope lived with defendant as a member of his family; that after the purchase, they moved upon the premises, and Pope lived until his death with defendant, as before. The further material facts appear in the opinion.

*M. M. Waters* for appellant. If it does not appear that the absolute character of the deed upon its face was known to or designed by the person paying the consideration, it will be presumed that it was so taken by fraud or mistake and without any design to violate the provisions of the statute. (*Siemon* v. *Schurck*, 29 N. Y. 612; *Day* v. *Roth*, 18 id. 448; *Lounsbury* v. *Purdy*, id. 515.) The facts that Allen paid the purchase-money and that the deed was taken in the name of N. B. Pope, without his consent or knowledge, vested the defendant with the title to the premises and entitled defendant to a verdict without reference to the question who was in possession in fact. (2 R. S., § 53.) A naked possession of land without claim of right never constitutes a bar, but inures to the benefit of the true owner. (*Humbert* v. *Trinity Church*, 24 Wend. 587.) Section 829 of the Code of Civil Procedure excludes the evidence of a party to an action as to a transaction with a deceased person, simply because the deceased was the immediate grantor of the opposite party. (*Prouty* v. *Eaton*, 41 Barb. 409; *Cary* v. *White*, 59 N. Y. 336, 340; *Lobdell* v. *Lobdell*, 36 id. 334; *Whithow* v. *Schenck*, 24 Hun, 328.) Because N. B. Pope had the legal title and resided upon the premises the presumption would not be that Allen held in subordination to the legal title. (2 Parsons on Contracts, 46; *Williams* v. *Hutchinson*, 3 N. Y. 312; *Siemon* v. *Schurck*, 29 id. 612; *Grimstone* v. *Carter*, 3 Paige, 421; *Williamson* v.

*Brown*, 15 N. Y. 354; *Cook* v. *Travis*, 20 id. 403; *Brown* v. *Volkening*, 64 id. 76.)

*O. U. Kellogg* for respondent. The evidence of defendant concerning any personal transaction or communication with Nathaniel B. Pope or Jonathan Rogers, plaintiff's deceased grantors, was inadmissible. (Code of Civil Procedure, § 820; *Malton* v. *Young*, 45 N. Y. 696; *Chadwick* v. *Fonner*, 69 id. 404.) The declarations of N. B. Pope, the grantor, after he had parted with his title were not competent to impeach or affect the title of his grantee, the plaintiff in this action, even though he remained in possession. (*Vrooman* v. *King*, 36 N. Y. 477; *Ladue* v. *Warner*, 3 Hun, 547; *Trimmer* v. *Trimmer*, 13 id. 182; *Burnham* v. *Brennan*, 74 N. Y. 597.) If it were to be conceded that Allen paid off the Hatch & Gaylord mortgages after the conveyance to Pope, such payment would not create a use or trust in favor of Allen. (2 R. S. [Banks' 6th ed.] 1105, § 51; *Ocean Nat. B'k* v. *Orcutt*, 46 N. Y. 96; *Everett* v. *Everett*, 48 id. 218.) To establish a right in hostility to a recorded title by virtue of prior equities, actual notice of such equities must be shown, or circumstances from which actual notice may be inferred and found. (*Brown* v. *Volkening*, 64 N. Y. 76.) Possession, to operate as notice, should be inconsistent with the title upon which the possessor relies. (*Staples* v. *Fenton*, 5 Hun, 172; *Cook* v. *Travis*, 20 N. Y. 400.) Neither must it be consistent with the title of the apparent owner by the record. (*Brown* v. *Volkening*, 64 N. Y. 76.) The court correctly held that the summary proceedings were only conclusive of the fact that the defendant was not the tenant of plaintiff. (*Jarvis* v. *Driggs*, 69 N. Y. 143; *Bissell* v. *Kellogg*, 60 Barb. 617; *Smith* v. *Smith*, 79 N. Y. 634.)

FINCH, J. Very much of the argument for the defendant on this appeal is devoted to the questions of fact which we cannot review. Whether the deed from Jonathan Rogers to Nathaniel B. Pope, and that from the latter to the plaintiff

were in fraud of the defendant's equitable rights; whether he in fact was the real purchaser from Rogers, and paid the price of the twenty-five acres, and N. B. Pope, under pretense of acting for him, obtained the conveyance for himself, without the defendant's knowledge or consent, were questions sharply litigated on the trial, but settled for the purposes of this appeal by the verdict of the jury. We have no duty to perform except to examine and consider the exceptions taken during the progress of the trial, and urged here as grounds of reversal.

The most important of these arises upon the refusal of the trial court to permit the defendant to testify to the bargain which he made with Rogers for the purchase of the twenty-five acres, and which was founded upon the prohibitions of section 829 of the Code. At the time of the trial both N. B. Pope, who was the plaintiff's immediate grantor, and Jonathan Rogers, who conveyed to N. B. Pope, were dead; and the defendant contends that the personal transactions, as to which his mouth was closed, were those with the plaintiff's immediate grantor, and not those with the grantor of the latter. Under the language of the old Code there was authority for this doctrine. (§ 399; *Prouty* v. *Eaton,* 41 Barb. 409; *Cary* v. *White,* 59 N. Y. 336.) We need not consider these cases, since the language upon which they were founded has been materially changed in the later revision. The former prohibition excluded the party's evidence as to " any personal transaction or communication between such witness and a person at the time of such examination deceased, * * * against the executor, administrator, heir at law, next of kin, assignee, legatee, devisee, or survivor of *such* deceased person." It was possible to construe this language as limiting the prohibition to the particular deceased person from whom directly the adverse party took his title. Whether even that construction was sound might not be beyond debate, but the essential change in the language, at all events, requires us to adopt a different construction. The language now is " against the executor, administrator, or survivor of a deceased person, * * * or *a person* deriving his title or interest from, through, or under a deceased

person, \* \* \* concerning a personal transaction between the witness and the deceased person." (§ 829.) The specific modes of succession named in detail in the old Code are represented in the revision by a general and broader phrase. "The deceased person," referred to in the latter, is one "from" whom, or "through" whom the adverse party derives his title, or "under" whom he holds. The plaintiff here derived his title "from" Jonathan Rogers, "through" N. B. Pope, and held "under" the former as well as the latter. The language covers the case, and we can see no just reason which excludes personal transactions with N. B. Pope which does not also apply to Rogers "under" whom both parties claimed title.

Two other exceptions relate to the defendant's effort to prove not only that he boarded the workmen who put improvements on the land, but got no pay for such board, and that all his accumulated earnings, amounting to about $2,000, had gone into the house. It is sufficient to say that, having proved that he boarded the workmen, the presumption was that it was done at his own expense and it was not necessary to prove the negative that no one paid him for it until some counter evidence was given; and that while his wholesale statement that all his earnings went into the house was excluded, he was explicitly permitted to state in detail every dollar which he could remember to have so appropriated.

The further exceptions are criticisms upon the charge of the court, and respect the subject of constructive notice of defendant's alleged equitable title, derived from the fact of his possession at the date of plaintiff's deed. The trial court declined to give to defendant's bare possession the effect desired, and allowed such effect only as the result of his possession under his equitable title. It is insisted this was error. It might have been if defendant alone had been in actual possession. But that fact was rendered ambiguous as constructive notice by the concurrent fact of N. B. Pope's possession. Both, to all outside appearance, occupied the land, and which was the actual possessor, and which occupation was subordinate, and under the other could only be naturally inferred from knowledge of

the title.   And when it appeared from the record that Pope had the deed, the proper inference was that defendant's possession was under Pope, and in subordination to the true title. It was said in *Brown* v. *Volkening* (64 N. Y. 82) that "the character of the possession, which is sufficient to put a person on inquiry, and which will be equivalent to actual notice of rights or equities in persons other than those who have a title upon record, is very well established by an unbroken current of authority.   The possession must be actual, open, and visible; it must not be equivocal, occasional, or for a special or temporary purpose; neither must it be consistent with the title of the apparent owner by the record." In the present case defendant's possession was equivocal and consistent with N. B. Pope's title on the record, since Pope was also in possession and there was nothing to indicate that defendant's possession was not subordinate to his, or suggest hostility to the record-title.   We see no error, therefore, in the refusal to give to defendant's bare possession the effect of constructive notice of his equities to the plaintiff.

The judgment should be affirmed, with costs.

All concur, except MILLER and TRACY, JJ., not voting, and RAPALLO, J., absent.

Judgment affirmed.