Barker, J.
The plaintiff intermarried with Addison J. Gordon, who died in 1882, before the commencement of *183 this action. The property in controversy consists of cattle, horses, farm utensils and household furniture. For the
Eeriod of eight years prior to his dea¿h the plaintiff and her usband lived and resided together upon the farm of which the plaintiff was the owner in fee. Most of the property in question was in use on the farm and in the house; the husband being the owner of the same, both parties claim title under him. The plaintiff’s title to a portion of the property is founded upon an instrument in writing called a bill of sale and bearing date August, 1877, which was in the same month filed in the town clerk’s office in the town which the mortgagor then resided. As to the furniture, the plaintiff's alleged title is based upon a paroi gift of the same to her by her husband. In April, 1882, the property in dispute being in use on the premises and in the dwelling-house thereon in which the said Addison J. Gordon then resided, he executed and delivered to Boot & Marshall a mortgage- on the same to secure an individual indebtedness which he owed them. The original defendant, George W. Barney, seized the property as the agent of the mortgagees, Boot & Marshall, as the referee has found, and in the original answer he set up their title and his justification for seizing and removing the property.
On the trial the plaintiff was a witness in her own behalf in support of her alleged title to the property, and she was permitted to testify to the negotiations which she had with her husband which resulted in the giving of the bill of sale and the consideration upon which it was based and the time and manner in which it was paid over to her husband. She was allowed also to testify as to the gift of some of the property by her husband to herself, of some of the articles of household furniture, for the recovery of which she had judgment. To the reception of this evidence the defendants, in due time, objected, upon the ground, among others, that it involved a personal transaction as well as a communication between the witness and a deceased person in which she interested, and was incompetent under the provisions of section 829. The objection was overruled and the defendant excepted. The original defendant, who acted as the agent of Boot & Marshall in seizing the property, could interpose any objection to the competency of this evidence which they could have interposed had they been sued and sought to be charged with the acts of their authorized agent. Any evidence which would have been incompetent as against the original defendants was also incompetent as against the defendants who are his personal representatives and who have been substituted in his place since his death. Such evidence was incompetent and prohibited by the provisions of section 829 of the Code of *184 Civil Procedure. The provision is, that a party or a person .'interested in the event of an action shall not be examined osa witness in his own behalf or interest against “the executor, administrator or survivor of a deceased person, or the committee of a lunatic, or a person deriving his title or interest from, through, or under a deceased person or lunatic, by assignment or otherwise, concerning a personal transaction-or communication between the witness and the deceased person.” The original defendant, the agent of the mortgagees, was a person who derived his right and interest in the property through the mortgagor, who was then deceased. His principals derived their title of Addison J. Gordon, and the plaintiff claimed title through the same source. It is a general rule of evidence that a party charged with the tortious conversion of the personal property of another may set up as matter of defense that the title to the property is in a third person, if he can connect himself' with such title. This he may do by showing that he acted, as the servant or agent of the owner in seizing the property. The provisions of section 829 are available to the servant or agent of the owner in an. action where he interposes the-defense that the property belonged to his principal and that his interference therewith was done by his authority and direction. The present section is broader than the language of the Old Code, and under its provisions there-was some authority for the plaintiff’s position that the defendant could not interpose the objection that the plaintiff was disqualified from testifying in her own behalf to a conversation with a deceased person who was the former owner of the property. Old Code, § 399. The original defendant had an interest in the property within the sense and meaning of -the statute, although he was not the absolute owner. Being the agent of the mortgagees, it was his duty to protect and preserve the property for their benefit. Although it does not appear by the record that Boot & Marshall are defending this suit and are concluded by the judgment, we think the defendant could properly raise the objection that the evidence was incompetent against him.
In Pope v. Allen (90 N. Y., 298), a similar question was. presented, and is an authority in support of the views expressed.
The respondent contends that when the objection to the-evidence was made it did not appear that tide defendant, claimed any title to or interest in the property under Addison J. Gordon, deceased, and that there was no error in receiving the evidence for that reason. 'As the referee declared when he overruled the objection, that it did not appear that the defendant claimed under Gordon,, we have- *185 concluded to pass the question without discussion,' and consider the other points made by the appellants.
A portion of the property, described in the complaint, consisting of one horse and one colt, and some other property, admitted to be of the value of more than §150, to which the plaintiff claimed title by virtue of the bill of sale, was acquired by Gordon long after that instrument was executed, and was embraced in the chattel mortgage under which the defendant claims title. The plaintiff, osa, witness, admitted that the horses embraced in the bill of sale, from her husband to herself, had been sold and disposed of with her consent, but claims that there was an arrangement made when the property was sold that other horses should be purchased to supply the place of those that were sold. The bill of sale describes the property, as “one pair of chestnut colored horses, one black mare and colt, one double carriage, * * * belonging to me, and now* in my possession, and on a farm belonging to Emma S. Gordon. ” As it is conceded by the plaintiff, that the most valuable part of the property embraced in the mortgage to Root & Marshall was purchased by her husband as his property,- she has failed to show a sale and. transfer of the same to herself, so as to pass the title, nor does she contend in her evidence that the horses were the subject of a gift, as was"the furniture and some other articles of-property.- I think the plaintiff failed to establish any title to the horse and colt, and some other articles of personal -property, and by her own admission, as a witness, it is made to appear that the title was jn Root & Marshall under their mortgage. The arrangement which she made with her husband that property which she should thereafter purchase should go to supply the place of that which had been sold, was not effective to transfer the title to herself as soon as the same was purchased by him; that could only be done by some subsequent arrangement, in the nature of a bargain and sale, sufficient to transfer the title. There is nothing tending to show that there was any subsequent transfer of the mare and colt to the plaintiff, for she admitted, as a witness, on the trial, that the first she saw of them was after the death of her husband, and that she did not know from whom or when he purchased them. Fol. 38 and 39. Nor is there the least evidence indicating that in making the purchases Gordon used the money belonging to his wife, or that he in any manner acted as her agent.
I think that the exception taken by the appellants to the finding of the referee, that the plaintiff was the owner of all the property described in the complaint, was well t *186 for the reason that it is not only contrary to the weight of evidence, but without evidence to support the same as to the items of property mentioned.
The contention of the respondent that as the Root & Marshall mortgage was given for a pre-existing indebtedness, and for that reason they are not in a position to question the transfer of the property to the plaintiff, by her husband, has no application to the case as it now stands, for if Gordon was the owner of the property at the time of the execution of the chattel mortgage, they acquired a perfect title to the same as against the plaintiff, who, as the proof shows, had acquired no interest in the items of property mentioned. If the plaintiff had established a title in form to the property by gift or sale, then the point would have been presented for consideration.
_As I think there should be a new trial for the reason indicated, it is unnecessary to pass upon the question whether the plaintiff showed a title to the property which she claims by gift from her husband, as upon another trial the proofs upon that issue may be materially different.
Judgment reversed; new trial granted before another referee, with costs to abide the event.
All concur.