Hardin, P. J.
Plaintiff produced and read in evidence upon the trial a promissory note alleged to have been made by defendants’ testator for $1,100, bearing date April 7, 1874, payable to S. 0. Emory or bearer ten years after date, with interest.
Evidence was given tending so prove that deceased made *673 and delivered the note, and also evidence tending to show that he repeatedly in his life time admitted its validity and that it was “all right.” Defendants gave evidence tending to show its invalidity, and that it was not executed by the deceased.
Whether it was made by deceased by writing his own signature, or whether the signature of deceased was placed upon the note by one authorized by him to sign, were made questions of fact for the jury to pass upon, and they were carefully submitted to the jury and found favorable to the plaintiff.
Inasmuch as there was evidence abundantly to sustain the verdict, we must accept it as final upon these questions of fact. It was not error to allow the jury to inquire and find that the signature of the deceased was placed upon the note by one having authority from him so to do.
Though the principal evidence of the plaintiff was to the effect that the signature -was in the hand-writing of the deceased, it was still the right of the plaintiff to have the jury pass upon the question as to whether the deceased had not authorized another to write his name to the note, and evidence tending to show that the deceased said the note was ‘1 allright ” bore upon that question, and the trial judge committed no error when he presented that aspect of the case to the jury.
Production of the note upon .the trial by the plaintiff gave rise to the presumption that the blaintiff became the owner of the note before its maturity, and entitled him to stand upon that presupmtion until it was sufficiently overcome by proof.
Defendant put upon the stand as a witness Mr. Sayles, and he testified that six or eight years before the trial he purchased the note of the payee, who was at that time indebted to him in various sums, and among other items of indebtedness that he had against Emory, the payee of the note, was a real estate mortgage for $2<>0, and he testified that in pursuance of such purchase and as part payment for the note in suit, he executed a satisfaction-piece and discharged said mortgage.
Mr. Sayles testified that he had the absolute title to the note; that he agreed to account for or pay over any surplus that might remain, if a surplus were had over and above his advances to and debts against Emory.
Thereafter Emory pledged or mortgaged that surplus, if any, to H. S. Willson.
After that state of things existed there was an arrangement entered into between the plaintiff and his father, EL S. Willson, and Mr. Sayles that a transfer of their respect *674 ive interests and ownerships in the proceeds of the note should be and was made to the plaintiff in this action. When plaintiff took the transfer from Mr. Sayles he agreed to pay “whatever there was” due to Sayles if there was a recovery.
Defendant called as a witness John C. Dorn, and called his attention to an interview he had with Emory in the month of November or December, 1874. Before Mr. Sayles •was sworn, and before H. S. Willson was sworn, the court ruled that the declarations of Emory, the payee and prior holder of the note, were not competent, and defendant excepted.
After the testimony of Sayles and H. S. Wilson had been given by defendant, he again, upon recalling Dorn as a witness, sought to show that when Emory held the interview in the fall of 1874, he offered to sell the note for $350. The court held such evidence was not competent, and defendant excepted; and the defendant offered to show that Emory got his mother to secure a debt to Dorn to get the note out Davis’ possession. That was objected to and the court shut out the evidence.
We think the court committed no error. The declarations of Emory, made long prior to the sale of the note to Sayles, were not competent evidence againt Sayles’ title or the title and ownership of his transferee, the plaintiff. Paige v. Cagwin, 7 Hill, 361: 40 N. Y., 226.
Defendant’s answer contains no affirmative defense. The principal issue upon the trial seemed to be as to the validity of the execution of the note. Defendant called to the stand Sayles and H. S. Willson, and gave their evidence in respect to the acquisition of the note from the payee.
That evidence was dealt with by the trial court as true. Defendant gave it and could not dispute the reliability of the witnesses, and the court in effect held that the plaintiff had acquired title to the note before its maturity and stood in the attitude of a bona fide holder.
When Sayles parted with the mortgage and debts he held against Emory for the note, he became a holder before the maturity of the note for value. Phœnix Ins. Co v. Church, 81 N. Y., 218.
In that case plaintiff was not abona fide holder for value, so as to shut out the defense that the note was wrongfully directed by the payee, as plaintiff had surrendered nothing of value in delivery of a dishonored, worthless check.
The case of Huff v. Wagner (63 Barb., 215), is unlike the one now before the court, as in that case there was a defense set up to the effect ‘1 that the note was obtained from the maker ” by means of fraud and false and fraudulent representations. It was held that the extent of value parted *675 with by plaintiff, and the circumstances under which he bought the note, might be shown.
It appeared by the evidence that Emory and the maker of the note had a settlement in the spring of 1874, and then defendants offered to show “ the amount that was past due and the arrangement that was made with Mr. Law to take his note for half.” This was excluded and defendant excepted.
As the case stood at that time the court held that the whole title to the note was in the plaintiff, and that he stood in the position of a bona fide holder before maturity, and that the evidence was inadmissible. We think no error was committed by the ruling made.
It seems by the evidence that Mary Barnes held the note as security for an indebtedness she had assumed of Emory, but that debt and liability had been paid and the note reverted to Emory, he never having parted title to it to Mrs. Barnes. That transaction was long before the transfer to Mr. Sayles. Mrs. Barnes at the time of the trial had no interest in or title to the note. She was, therefore, a competent witness. Section 829. Sayles and the plaintiff held the note through the original title and ownership of Emory. The plaintiff did not hold under any title or interest of Mary Barnes. It was proper to receive her evidence.
The case of Pope v. Allen (90 N. Y., 298,) is quite unlike this one. There the evidence was properly excluded, as the-plaintiff held title to real estate under Pope and Rogers,, and they were dead.
Defendant offered two chattel mortgages made by Emory to deceased, one dated September 18, 1866, and the other dated the 30th of November, 1867, and a receipt dated February 28, 1874, and a note for $221, dated February 24, 1874, given by Emory. They were excluded. They were not connected with the note of April, 1874, in suit, and were therefore immaterial. They had no legitimate bearing upon the issues as to the note in suit, and were therefore properly excluded.
Having found no exception in the course of the trial presenting any prejudicial error, the verdict must be allowed to stand.
Judgment and order affirmed, with costs.
Boardman, J., concurs; Follett, J., writes for reversal.