EDGAR A. BRIGGS and Another, as Executors, etc., of ALMANSON L. IRISH, Deceased, Respondents, *v.* ELIZABETH C. THOMPSON and Others, Defendants; URY HICKS and Another, Appellants.

*Assignments of mortgages and releases — conveyances under the Recording Act — possession of real property — notice — assignee of a mortgage.*

An assignment of a mortgage and a release of a portion of the mortgaged premises from the lien of the mortgage are both conveyances within the provisions of the Recording Act, under the provisions of which conveyances not recorded are void against subsequent purchasers in good faith and for a valuable consideration, but the notice of a prior unrecorded conveyance or of any title to the premises or knowledge of facts which would put a prudent man upon inquiry, impeaches the good faith of a subsequent purchaser.

The open and visible possession of property, by others than those who have title on the record, is equivalent to notice of the rights of such persons.

*Semble,* that using land occasionally for pasturage or the cutting of timber therefrom is not such an occupancy thereof as would charge a purchaser or incumbrancer with notice.

Where a person in the possession of real estate is a stranger to an apparent or recorded title thereto, his possession is the assertion of an adverse right, but when his title is derived from a mortgagor there is nothing in the apparent possession of the land which is hostile to the mortgage. The occupant is supposed to hold, subject to the mortgage, and there is nothing to put the assignee of the mortgage on inquiry.

Notice of an unrecorded title will be imputed only when it is a reasonable and just inference from visible facts.

APPEAL by the defendants, Ury Hicks and another, from a judgment of the County Court of Dutchess county, entered in the office of the clerk of the county of Dutchess on the 10th day of Decem-

ber, 1894, upon the decision of the court directing the foreclosure and sale of certain premises, with notice of an intention to bring up for review upon such appeal all questions relating to certain land described in the defendant Ury Hicks' answer.

*William S. Eno* and *M. A. Fowler*, for the appellants.

*Hackett & Williams*, for the respondents.

BROWN, P. J.

The question presented on this appeal is whether the plaintiffs, who are assignees of a mortgage, can enforce it against a purchaser of a part of the mortgaged property, who is in possession, and who holds his title under a prior recorded deed from the mortgagor, and a prior unrecorded release from the mortgagee. The facts of the case are undisputed. On May 4, 1863, Jacob M. Ousterhout executed the mortgage in question to David and Mary Fish. On May 2, 1867, the mortgagees released to Ousterhout twenty-seven acres of the mortgaged land, and on the same day Ousterhout conveyed said twenty-seven acres to Benjamin Hicks. The deed from Ousterhout to Hicks was recorded on June 27, 1868, but the release had not been recorded at the time of the commencement of this action. Benjamin Hicks conveyed the land to Ury Hicks in 1875, and the deed was recorded. On May 15, 1876, the mortgage and accompanying bond were duly assigned to Simmons White, and by several mesne assignments were transferred to the plaintiffs' testator, who became the owner thereof on May 1, 1882. All of the several assignments of the bond and mortgage were duly recorded.

Benjamin Hicks and Ousterhout owned adjoining farms in the town of Milan, Dutchess county. The property which is the subject of this litigation consists of twenty-seven acres of land, all inclosed, of which three and one-half acres are woodland. It was on the northwest corner of the farm, some distance from the highway, without any buildings on it. While Ousterhout owned it he cultivated it for the usual farm products, and Hicks used it in the same manner and for the same purpose. The year it was sold to Hicks the land was surveyed, and a division fence built. Hicks took immediate possession and cultivated the land, and has continued to cultivate it ever since. The plaintiffs' testator resided in the town

of Hyde Park, about twenty-two miles from the mortgaged property, and had no actual knowledge of the sale of the property to Hicks or that he was in the occupation thereof.

The assignment of the mortgage and release are both conveyances within the provisions of the Recording Act. (*Brewster* v. *Carnes,* 103 N. Y. 562; *Baker* v. *Thomas,* 61 Hun, 17; *St. John* v. *Spalding,* 1 T. & C. 483.)

Independent of that statute the plaintiffs acquired no right to sell the twenty-seven acres conveyed to Hicks. The rights of the parties, therefore, depend solely upon that statute. By its terms, conveyances not recorded are void against subsequent purchasers in good faith and for a valuable consideration. That plaintiffs are purchasers for a valuable consideration is undisputed. But notice of a prior unrecorded conveyance, or of any title to the premises or knowledge of facts which would put a prudent man upon inquiry, impeaches the good faith of a subsequent purchaser. Hence the pertinent inquiry in this case is, did the plaintiffs' testator have notice of Hicks' title or knowledge of such facts concerning his possession that should have put him upon inquiry in reference thereto? That open and visible possession of property by others than those who have title on the record is equivalent to notice of the rights of such persons is the rule established by an unbroken line of decisions, and, if the decision of this case depended upon the question whether the character of Hicks' possession of the land was sufficient to have put the assignee of the mortgage upon inquiry as to his title, I think it would be difficult to sustain the judgment.

Hicks went into immediate possession of the land conveyed to him, inclosed it, and cultivated and cropped it in the manner usual with farm property. His acts in that respect were sufficient to constitute an adverse possession, as that term is defined in section 370 of the Code of Civil Procedure, and I can see no reason why such a possession was not constructive notice of Hicks' title. He certainly could have made no greater use of the land than he did, and his possession could not have been more open and notorious than it was, unless he had erected buildings on the land and actually occupied them.

*Baker* v. *Thomas* (61 Hun, 17) is not a controlling authority on this question. In many of its facts it was quite like this case, but

there the land was used as a pasture for cattle. It has been many times decided that using land occasionally for pasturage or cutting of timber was not such an occupancy as would charge a purchaser or incumbrancer with notice, and the report of that case does not state the extent of the use to which the land was put. In the case before us the land was inclosed, cultivated and improved. No more open and visible use could be made of farm land, and to hold that such an occupation and use was not constructive notice of the rights of the occupant would be to deny the application of that rule to that class of property. But the question still remains, was Hicks' possession notice of a claim adverse to the mortgage? In my judgment it was not. His title was derived primarily from the mortgagor, and under that title he went into possession. The release was not made to him, and, if it had been, he could not have taken possession under it. His occupation was not inconsistent with the existence of the lien of the mortgage, and there was nothing in the mere fact of his possession to lead a prudent man to believe that he claimed a title adverse to the mortgagee.

When a person is a stranger to an apparent or recorded title the case is different. In such a case his possession is an assertion of an adverse right. But when, as in this case, title is derived from a mortgagor, there is nothing in the possession of the land apparent to an observer which is hostile to a prior mortgage. The occupant is supposed to hold subject to the mortgage, and there is nothing to put an assignee of the mortgage on inquiry. Notice of an unrecorded title will be imputed only when it is a reasonable and just inference from visible facts. This proposition was substantially decided in *Cook* v. *Travis* (20 N. Y. 400), and in *Fassett* v. *Smith* (23 id. 252).

It was also decided by Justice PRATT at Special Term in *Mutual Life Insurance Company* v. *Wilcox* (55 How. Pr. 43), and that case has been cited at General Term and in the Court of Appeals with approval.

The judgment must be affirmed, with costs.

CULLEN and DYKMAN, JJ., concurred.

Judgment affirmed, with costs.