(85 App. Div. 243.)

GIBSON v. THOMAS et al.

(Supreme Court, Appellate Division, Third Department. June 30, 1903.)

1. MORTGAGED PREMISES—RELEASE—RECORDING ACT—ASSIGNMENT OF MORTGAGE.

Under the recording act (Real Property Law, § 241, Laws 1896, p. 607, c. 547), an unrecorded release of part of the mortgaged premises is void as against a subsequent assignee of the mortgage in good faith.

2. SAME—POSSESSION OF PREMISES—NOTICE.

Possession by the purchaser of part of mortgaged lands is not notice to an assignee of the mortgage of release of such land therefrom.

3. SAME—LEAVING INSTRUMENT WITH COUNTY CLERK.

Leaving with the county clerk the release of land from a mortgage, with instructions to record it when certain papers were sent to him, is not the leaving of it to be recorded; it not appearing the other papers were ever sent to him.

Smith, J., dissenting.

Appeal from Delaware County Court.

Action by John W. Gibson against George A. Thomas and others. From a judgment for plaintiff, defendants appeal. Affirmed.

George A. Thomas in 1868 executed a bond and mortgage to F. R. Gilbert upon certain lands in Delaware county. Thomas sold and conveyed to the Delaware & Otsego Railroad Company a strip of land from such mortgaged premises. Such deed was recorded in the clerk's office of such county on August 22, 1887. On the 28th of July, 1887, Helen B. Rogers, who had then become the lawful owner of such mortgage by several mesne assignments from said Gilbert, executed and delivered to said Thomas a release of such strip so conveyed to said railroad company from the lien of the said mortgage. Such release was by Thomas delivered to such company with his conveyance to it, but it was never put on record in the county clerk's office. The railroad company at once went into possession of their strip of land, and used and occupied it. Subsequently, on May 5, 1894, said Helen B. Rogers sold and assigned to John W. Gibson, the plaintiff in this action, the said bond and mortgage, and such assignment was duly recorded in the clerk's office of Delaware county on May 9, 1894. Gibson paid full value for the bond and mortgage, and at the time of the purchase had no knowledge that she had released any part of the mortgaged premises, nor did he then know that the railroad company occupied any part of the same. He was a purchaser for full value and in good faith, with no notice that any part had been released, except such as the possession of the railroad company gave him. He brought this action to foreclose the mortgage. The railroad company answered, claiming that the mortgage was no longer a lien upon its property. The trial court held otherwise, and ordered a foreclosure and sale against its land as well as against the rest of the mortgaged premises, and from the judgment entered thereon this appeal is taken.

---

¶ 1. See Mortgages, vol. 35, Cent. Dig. § 910.

Argued before PARKER, P. J., and SMITH, CHASE, CHES-TER, and HOUGHTON, JJ.

F. M. Andrus, for appellants.

Marion M. Palmer, for respondent.

PARKER, P. J. It is clear that but for the recording act the plaintiff would have taken no greater rights in the mortgage than his assignor had, and that any defense which Thomas, the mortgagor, and his grantee would have against a foreclosure by her, could be set up as against him. But the question is whether, under the record-ing act, viz., section 241 of the real property law (Laws 1896, p. 607, c. 547), the rights acquired through the release have not been lost by the prior recording of the subsequent assignment. In the case of Baker v. Thomas, 61 Hun, 17, 15 N. Y. Supp. 359, this precise ques-tion was decided adversely to the appellant here. It was there held that a release of a portion of mortgaged premises was void as against a subsequent assignment of the mortgage which was first recorded. I do not find that that case has ever been questioned, nor do I find any decisions that conflict with the reasoning therein adopted. On the authority of that case the decision in this case must be affirmed, unless the fact that the railroad company was in full possession of its land and was using the same is to be deemed a sufficient notice to the plaintiff of the existence of the release. Upon that question the case of Baker v. Thomas may not be a conclusive authority, but the case of Briggs v. Thompson, 86 Hun, 607, 33 N. Y. Supp. 765, which was followed by the trial court, fully sustains the judgment here. In that case the possession by the purchaser was sufficiently full and notorious to sustain an adverse user, yet it was held that, being derived primarily from the mortgagor, his occupation was not inconsistent with the existence of the mortgage lien, and was not such as would suggest to a prudent man that he claimed a title ad-verse to the mortgage. I concur with that conclusion, and with the reasoning upon which it is based.

It is further claimed by the appellant that, the release having been left at the county clerk's office for record, it must be considered as on record, and hence the plaintiff's assignment could acquire no priority; and Mutual Life Ins. Co. of N. Y. v. Dake, 87 N. Y. 257, is cited as authority for such claim. In that case the first mortgage was actually recorded, but the clerk neglected to index it, and hence it is not a precise authority on the situation here. But further than that, the release here was not in fact left for record. The clerk was instructed to record it when certain papers, supposed to be necessary, were subsequently sent him. It does not appear that such papers were ever sent, and so the clerk seems to have entirely omitted recording the release. It does not seem to me that under such in-structions the omission to record it was the fault of the clerk. It was the fault or neglect of the party who left the release there, and hence it must be treated as never having been left for record.

I conclude that the judgment should be affirmed, with costs. All concur, except SMITH, J., who dissents.