# SUPREME COURT.

ELIZABETH VANDERBILT agt. EDWARD W. VANDERBILT and others.

*Two actions for same cause—judgment in one a bar to the other—Deed with grantee's name blank—when void and when not.*

When to a creditors' action, to set aside an assignment as fraudulent, a person directly interested in the subject of the action, is made a defendant and appears and answers, setting up the fraud and asking that the assignment be set aside and the property applied to the payment of creditors and parties entitled thereto, of which defendant is one, and a judgment be recovered in the action awarding all the relief which the defendant could have obtained in an independent action, such defendant must come in and interpose his claim' under the decree, and cannot afterwards maintain a separate action for the same relief.

Equity disfavors excessive and unnecessary litigation, and if full relief can be had in one suit no other should be allowed.

If the name of a grantee is not inserted in a deed, and he cannot be ascertained by description so as to distinguish him from all others, the grant is void.

But where a deed is delivered in blank to the person paying the consideration, under an understanding between the grantor and such person to whom it is delivered, which authorized such person to write in his own name or that of any other person as grantee, and such person went into possession, under the deed, and so remained until his death, the blank in the deed never having been filled, such person will be regarded, in equity, as the owner, and in the event of his dying intestate, his heirs will succeed to the property and estate.

To an action brought by a creditor of Oliver Vanderbilt, deceased, to set aside an assignment of certain leases, claimed to have been fraudulently transferred by the administrator of the deceased, to his mother, the plaintiff in this action, as one of the next of kin and heirs at law of the deceased, was made

a party defendant.   She appeared in the action and answered
the complaint and demanded affirmative relief, that the assign-
ment be set aside and that the leases be applied and distri-
buted as assets of the estate.

Judgment was recovered in that action, declaring the
assignment to be fraudulent. and void and ordering that the
leases ·be sold and the proceeds applied and distributed among
the creditors and next of kin of the deceased, according to
the statute in case of intestacy.   The plaintiff afterwards
brought this action asking the same relief set up in the
answer; she also asked other relief disclosed in the opinion.

*Special Term, New York, August,* 1877.

*Dennis McMahon,* for plaintiff.

*R. Huntley and Geo. H. Adams,* for defendants.

VAN VORST, *J.*— In the action of *Everingham* agt. *Vander-
bilt,* a record of the judgment in which is in evidence, the
plaintiff was made a defendant.   That was a creditor's action,
and sought relief against the assignment of the two leases
in question, which are claimed by the plaintiff in that action
to be assets of the estate of Oliver Vanderbilt, deceased, on
the alleged ground that they had been fraudulently assigned
by the administrator to his mother.

The plaintiff having, as a defendant in that action, by her
answer, claimed that the assignment of the two leases was
fraudulent; that they belonged to the estate of her deceased
father, and should be recovered to be distributed as such
assets.

All the relief which the plaintiff could by any judgment
or decree secure in this action, was, by its judgment, awarded
by the court in that.

It was there adjudged that the assignment to the mother
by her son, the administrator, was fraudulent; that the leases

were assets of the estate of Oliver Vanderbilt, and as such should be applied and administered. Not only the rights of creditors, but also of all persons interested in the estate, including those of his next kin, were provided for and adequately secured (*Everingham* agt. *Vanderbilt,* 51 *How. Pr.,* 177). The plaintiff's suit, therefore, in so far as it affects the two leases, is entirely unnecessary.

It is suggested, however, by the plaintiff's counsel that that being a creditor's action, and brought for a *devastavit,* the same may, perchance, be settled and discontinued between the plaintiff and the principal defendant, and that the rights of the plaintiff in this action may be sacrificed.

But I do not think that that suit can be discontinued, to the prejudice of parties made defendants, who have answered, interposed their claims, and whose rights have been pronounced and decided and have become a part of the judgment.

This plaintiff has rights in that action and judgment of which she may not be deprived, without notice and opportunity to be heard. The case has gone beyond the exclusive control of the plaintiff. Parties who have intervened in an action of that character, and submitted their rights and claims, and which has been adjudged, must be consulted before the suit can be ended, and it can only be ended in a way in which those rights will be respected and protected.

In *Groshon* agt. *Lyon* (16 *Barb.,* 466), MITCHELL, J., well says, " that the great principle is, that if full relief can be had in one suit no other shall be allowed " (*Innes* agt. *Lansing,* 7 *Paige,* 584).

And this is but an application of the rule prevailing in courts of equity, which disfavors excessive or unnecessary litigation. With respect, therefore, to the claim made by the plaintiff, growing out of the two leases, relief cannot now and here be awarded her; but her claim to that extent must be dismissed.

With regard to the second cause of action, involving the title to the Ross street property, the case is different. In the

deed of this property, executed by Samuel Willets, produced on the trial by the defendant on the plaintiff's call, the name of the grantee is blank. If the name of the grantee is not inserted in the deed, and cannot be ascertained by description, so as to be distinguished from all others, the grant is void (2 *Wash. Real Prop.* [*4th ed.*], *vol.* 3, *p.* 263, *secs.* 26, 30–32).

But the evidence in this case is clear that the deed was delivered to Oliver Vanderbilt by Mr. Willetts, under an agreement existing between them. Willetts, the grantor, has been examined as a witness in the action. It would have been well to have made him a party defendant. But I do not consider it absolutely necessary that he should have been made such. In his evidence he states the agreement and circumstances under which the deed was made and executed in the way it was.

Willetts, as mortgagee, had been paid his claim. He had no further interest in the property, and claims none.

The deed was purposely left in blank, as far as the grantee was concerned, and under circumstances which would have justified Oliver Vanderbilt in writing in his own name or any other. He had paid the consideration.

Vanderbilt, although he wrote no name in the deed, was in possession of the premises during his life and up to his death, as owner, and that without dispute from any source. He occupied this attitude for many years openly. The defendants, in their answer, state that Willetts conveyed the premises to Catharine Ann Vanderbilt, the wife of the intestate, in her own right, and for her own proper use and benefit, and that she was at all times thereafter, and until her death, the sole owner thereof. There is no evidence to substantiate this defense.

Oliver Vanderbilt, as he had paid the consideration, was the real owner of the property in equity, and his children succeeded to the same. The idea of taking the title in the name of some other person for the purpose of keeping the same from his creditors, as is alleged, has never been in fact con-

summated. It may have been abandoned. The defendants, in their answer, also claim, as legatees and heirs at law of Catharine Ann Vanderbilt, to be rightfully in possession of the Ross street property, and deny any right in the plaintiff, legal or equitable, in and to the property.

Although the defendants in this way formally deny the interest of the plaintiff in the premises, yet there is some evidence that since the death of their mother, who survived their father, they have recognized her right in the premises as one of the heirs of their father.

The plaintiff's claim, in any event, is as good as that of the defendants. They have no right in which she does not legally participate.

There is no proof adduced by the defendants to show an adverse possession to prevent this action.

The possession of the defendants, in law and equity, is not inconsistent with the plaintiff's claims. And they must be established in this action to the extent prayed for in the complaint, and judgment is given the plaintiff accordingly.