(48 App. Div. 363.)

### CARPENTER v. ROMER & TREMPER STEAMBOAT CO.

(Supreme Court, Appellate Division, Third Department. March 7, 1900.)

1. WITNESS—TRANSACTION WITH DECEDENT—PERSON INTERESTED IN THE EVENT.

One who has entered into an agreement to indemnify the defendant, and has actual notice of the pendency of the suit, and is in reality defending it, though not a party to the record, is a person interested in the event, within Code Civ. Proc. § 829, providing, "upon the trial of an action, * * * a party or person interested in the event, * * * shall not be examined as a witness in his own behalf or interest, * * * against * * * a person deriving his title or interest from, through or under a deceased person, * * * concerning a personal transaction or communication between the witness and the deceased person."

2. SAME—PERSON DERIVING TITLE OR INTEREST FROM DECEASED.

A person who, in accordance with the provisions of testator's will, is, on the death of the original executor, appointed his successor as executor, is one who derives his interest from, through, or under the deceased executor, in a cause of action arising out of and from the act of the original executor, as executor, within Code Civ. Proc. § 829, providing "upon the trial of an action, * * * a party or person interested in the event, * * * shall not be examined as a witness in his own behalf or interest, * * * against * * * a person deriving his title or interest from, through or under a deceased person, * * * by assignment or otherwise, concerning a personal transaction or communication between the witness and the deceased person."

Appeal from special term, Ulster county.

Action by Horace G. Young, executor of Thomas Cornell, deceased, against the Romer & Tremper Steamboat Company. From a judgment for defendant, Nellie L. Carpenter, substituted as plaintiff, appeals. Reversed.

In the year 1890 the Cornell Steamboat Company was a corporation carrying on a freight and passenger business upon the waters of the Hudson river. The entire stock of the company was owned by Thomas Cornell and Samuel D. Coykendall. On March 1, 1890, an agreement was entered into between the Cornell Steamboat Company, Thomas Cornell, and Samuel D. Coykendall, on the one part, and the Romer & Tremper Steamboat Company, on the other part, by which the Cornell Steamboat Company, Thomas Cornell, and Samuel D. Coykendall sold to the Romer & Tremper Steamboat Company the good will and business of carrying and transporting passengers and freight to and from the city of Kingston, N. Y., to the city of New York, and to and from the intermediate points between said cities, as the same had theretofore been conducted by the Cornell Steamboat Company; and the said Cornell Steamboat Company, Thomas Cornell, and Samuel D. Coykendall agreed that neither of them would directly or indirectly conduct, carry on, or engage in the business of carrying or transporting passengers or freight by water to, from, or between the cities of Kingston and New York, or to, from, or between said cities and intermediate places, or between such intermediate places, or become interested, directly or indirectly, in any firm or corporation engaged in carrying on such business, during the term of 10 years from the date of the agreement; and in consideration thereof the Romer & Tremper Steamboat Company promised and agreed to pay to the said Thomas Cornell and Samuel Coykendall the sum of $20,000 at the time of the execution of such agreement, and the further sum of $3,000 on the 1st day of January in each year for and during the term of 10 years from the date of such agreement. The $20,000 was paid to the said Thomas Cornell and Samuel D. Coykendall, who transferred it to the treasury of the Cornell Steamboat Company. Thomas Cornell died March 30, 1890, after the execution of such agreement, leaving a last will and testament, wherein Edwin Young and Catherine Cornell were appointed executors of said will, and trustees of the trusts created therein;

and it was provided in said will that, in case of the death of said Edwin Young during the continuance of the trusts, Horace G. Young should be appointed the successor of said Edwin Young as executor and trustee. Catherine Cornell renounced her rights as executor and trustee, and Edwin Young alone qualified as executor and trustee, and discharged his duties as such until his death, April 20, 1893, whereupon Horace G. Young was appointed and qualified as his successor. Of the sum of $3,000 provided in and by said contract to be paid each year to Coykendall and Cornell, one-half thereof, or $1,500, was paid each year to Samuel D. Coykendall. The remaining $1,500 was offered to Edwin Young, as executor, who refused to receive it. Subsequently the sum of $4,500 (being payments for three years) was received for the Cornell estate, but it is not clear from the testimony whether such payment was received by Edwin Young, or by his successor, Horace G. Young.

On the 15th day of December, 1892, an agreement was made in writing between Samuel D. Coykendall, as party of the first part, and Edwin Young, as executor of the Cornell estate, as party of the second part, by which the party of the second part sold to the party of the first part 2,500 shares of the stock of the Cornell Steamboat Company owned by the said estate, which appears to have constituted the entire one-half interest owned by the Cornell estate in the said Cornell Steamboat Company. The sixth clause of such agreement, and the one upon which this controversy is based, reads as follows: "(6) The party of the first part agrees and hereby does waive any right which he or the Cornell Steamboat Company may have to one-half of a contract for the sale of the good will or passenger and freight business of the Romer & Tremper Steamboat Company for the sum of thirty thousand dollars ($30,000)." Under and by virtue of this sixth provision of the above-mentioned agreement, Horace G. Young, as executor of the estate of Thomas Cornell, claimed that the entire sum of $3,000 payable yearly under the contract of March 1, 1890, was payable to him, as trustee for the estate of Thomas Cornell, and caused written notice to that effect to be served upon the Romer & Tremper Steamboat Company. Samuel D. Coykendall, on the contrary, claimed that the estate of Thomas Cornell was only entitled to one-half of the yearly payment of $3,000 provided to be paid by the contract of March 1, 1890. The defendant, the Romer & Tremper Steamboat Company, failing or refusing to pay the entire sum of $3,000 yearly to Horace G. Young as executor and trustee, he brought this action to recover the installments thereof, of $1,500 each, due on the 1st days of January, 1893, 1894, and 1895, amounting in all to the sum of $4,500, with interest upon $1,500 from each of the several dates above mentioned. The action was referred to a referee for trial.

Upon the trial it was contended upon the part of the defendant that the sum of $3,000 provided to be paid yearly for the term of 10 years under the agreement of March 1, 1890, was in fact something due to the Cornell Steamboat Company, but, inasmuch as Cornell and Coykendall each owned one-half of the stock, for convenience such payments were divided between them, and that, when the estate of Thomas Cornell transferred all its stock to Samuel D. Coykendall, it also transferred all right to the payment of the sum of $3,000, or the one-half thereof, except for the effect of the sixth clause of the agreement of December 15, 1892, which simply gave to the estate of Thomas Cornell the right to receive one-half of such sum, or $1,500, yearly. Upon the part of the plaintiff, however, it was contended that under the agreement of March 1, 1890, something more than the right of the Cornell Steamboat Company was transferred; that personal obligations were entered into upon the part of Cornell and Coykendall, and that the sum of $3,000, to be paid yearly, was to be paid to them personally, and not as representatives or trustees of the Cornell Steamboat Company, and that the right to receive such payments did not follow the stock of the company, and that, when the estate sold out its stock to Samuel D. Coykendall, it did not sell its right to receive the sum of $1,500 annually, and that by the sixth clause of the agreement of December 15, 1892, said Samuel D. Coykendall did not release to the estate what it already had and owned, but did release to it his own right to receive the sum of $1,500 yearly; and that thereby the estate of Cornell became entitled to receive the entire annual payment of $3,000 provided to be paid to Cornell and Coykendall by the agreement of December 1, 1890. Upon the

276

63 NEW YORK SUPPLEMENT (Sup. Ct.
and 97 New York State Reporter.

trial, oral evidence from both parties was received by the referee, to aid him in determining the true intent and meaning of these several agreements. The defendant placed Mr. Coykendall upon the stand as a witness, who testified to a conversation with Edwin Young at or about the time of the execution of the agreement of December 15, 1892, as follows: "I had a conversation with Edwin Young, and claimed this whole money belonged to the Cornell Steamboat Company,—the whole $3,000 a year,—because we were simply acting as trustees for the steamboat company, not for ourselves. We owned no franchise, but simply acted for the company. Under this agreement, Mr. Young said, 'You will now claim the whole of this money?' 'Yes; I have a right to,' I said. He said, 'If we make the agreement, we must have one-half of this money.' I said, 'I am willing, in order to close up this agreement, to make an assignment to you of one-half of this contract.'" This evidence was objected to as incompetent under section 829 of the Code of Civil Procedure. It appeared in evidence that the defendant had been indemnified by Mr. Coykendall against any loss caused by its continuing to pay to him the sum of $1,500 yearly after it had received the notice from Mr. Young that he claimed the entire sum of $3,000 yearly, as belonging and payable to the estate of Thomas Cornell. Upon the trial the counsel for the defendant stated in open court: "I really represent Mr. Coykendall, although in form I represent the Romer & Tremper Steamboat Company. He [Mr. Coykendall] says that by this instrument he only waived the right to the one-half, retaining the other one-half himself always, and therefore he indemnified the Romer & Tremper Steamboat Company, and indemnified them against loss by suit at the instigation or instance of the estate of Thomas Cornell, so that he is in the position of the real defendant here." The objection to the evidence was overruled, and the conversation gone into as above set forth, to which ruling the plaintiff duly excepted. The referee rendered judgment in favor of the defendant. The executor of the estate declined to appeal, and thereafter the appellant, Nellie L. Carpenter, who brings this appeal, was substituted as a party aggrieved, in the place and stead of Horace G. Young, as the plaintiff (appellant) in this case.

Argued before PARKER, P. J., and HERRICK, MERWIN, SMITH, and KELLOGG, JJ.

Cardozo Bros. (Benjamin N. Cardozo, of counsel), for appellant.
Charles W. Walton (A. T. Clearwater, of counsel), for respondent.

HERRICK, J. The principal question of law arising upon this appeal is as to the admissibility in evidence of the conversation between the witness Coykendall and Edwin Young. Objection is made to its admission under section 829 of the Code of Civil Procedure. That portion of the section applicable to this question reads as follows:

"Upon the trial of an action, or the hearing upon the merits of a special proceeding, a party or person interested in the event, * * * shall not be examined as a witness in his own behalf or interest, or in behalf of the party succeeding to his title or interest against * * * a person deriving his title or interest from, through or under a deceased person or lunatic, by assignment or otherwise, concerning a personal transaction or communication between the witness and the deceased person or lunatic."

This is substantially a re-enactment of section 399 of the old Code of Procedure. The reason and object of this rule of evidence is:

"That where death has closed the lips of one party to a personal transaction or communication between him and another, which the deceased could obviously contradict or explain were he living, the other shall not be a witness to prove such transaction or communication in an action against the representatives of the deceased. The evidence in such a case to be excluded

may be that concerning a communication between them. In either case the survivor is not to be heard, because the dead person cannot be."

Price v. Price, 33 Hun, 69–75; Card v. Card, 39 N. Y. 317–323.

The transaction out of which the issue in this case arises was one between Samuel D. Coykendall and Edwin Young, and Edwin Young is dead; and it must be obvious, it seems to me, that to permit Coykendall to give his version of what took place between them in relation to that transaction is to violate the spirit of that rule. Is Coykendall a person interested in the event, within the meaning of section 829? "The true test of the interest of a witness is that he will either gain or lose by the direct legal operation and effect of the judgment, or that the record will be legal evidence for or against him in some other action." Hobart v. Hobart, 62 N. Y. 80; Wallace v. Straus, 113 N. Y. 238, 21 N. E. 66. The result of this action will determine whether the defendant shall pay $1,500 yearly to the estate of Thomas Cornell, and $1,500 yearly to the witness Coykendall, or whether it shall pay the whole sum of $3,000 yearly to the estate of Cornell, to the exclusion of Coykendall. Furthermore, the judgment will be legal evidence for or against Coykendall. For it appears that the moneys claimed by the executor of the Cornell estate to be payable to such estate, and for which this action is brought, have been paid by the defendant to Coykendall, and that he has indemnified the defendant against any loss by so doing, so that, if the defendant is compelled to pay the Cornell estate, Coykendall will be responsible over to the defendant. Where a third person is responsible over to the defendant in an action, and is duly notified of the pendency of the suit, the judgment therein, if rendered without fraud or collusion, will be conclusive against him. It is not essential that he be requested to assume the defense. Heiser v. Hatch, 86 N. Y. 614. It does not appear in this case whether any formal notice of the pendency of this action, and request to defend it, was ever given by the defendant to Coykendall. Neither was it necessary that such notice or request should be given or made. He had actual notice. He appeared as a witness in the case, and one of the learned counsel who appeared for the defendant stated in open court that he really represented Mr. Coykendall, although in form representing the Romer & Tremper Steamboat Company; that Mr. Coykendall had indemnified the Romer & Tremper Steamboat Company against any loss by suit at the instigation or instance of the Cornell estate; and that he was in the position of the real defendant. So it appears not only that he had actual notice of the pendency of the action, but in reality was defending it. "In all cases where one stands in the position of indemnitor to others, who are also immediately liable to a third party, his liability may be fixed and determined in the action brought against his indemnitee, by notice of the pendency of such action, and an opportunity afforded him to defend it. In such a case it has been held that it is unnecessary that he should have notice in writing, or even express notice, but that notice may be implied from his knowledge of the pendency of the action, and his participation in its defense." Village of Port Jervis v. First Nat. Bank, 96 N.

Y. 550. "No particular form of words is necessary in order to constitute notice in such cases, nor is it even necessary to give a written notice. It is sufficient that the party against whom ultimate liability is claimed is fully and fairly informed of the claim, and that the action is pending, with full opportunity to defend or to participate in the defense. If he then neglects or refuses to make any defense he may have, the judgment will bind him in the same way and to the same extent as if he had been made a party to the record." Oceanic Steam-Nav. Co. v. C. T. E., 144 N. Y. 663, 39 N. E. 361; Carleton v. Lombard, Ayres & Co., 149 N. Y. 131–151, 43 N. E. 422; Washington Gaslight Co. v. District of Columbia, 161 U. S. 316–330, 16 Sup. Ct. 564, 40 L. Ed. 712.

It seems to me, therefore, very clear that Coykendall was a person interested in the event, within the meaning of section 829. The plaintiff, the executor and trustee of the Cornell estate, is a person who derived his interest from, through, or under the deceased person. By the use of the words, "against a person deriving his title or interest from, through or under a deceased person, * * * by assignment or otherwise," it was intended to protect all persons succeeding to the right, title, or interest, or standing in the place or stead, of the deceased person, against testimony as to communications made by him to the adverse party. The words "or otherwise" were intended to embrace and cover every and all means and manner of succession or devolution, in addition to that by assignment. The plaintiff in this action is the successor in office to a deceased executor, and has succeeded to the right, title, and interest of everything that he acquired as executor and trustee during his lifetime. While the office of Horace G. Young as executor and trustee was not, perhaps, derived from, through, or under Edwin Young, but from the will of Thomas Cornell, yet the cause of action here arose out of and from the act of Edwin Young as executor, and was derived from his action, so that the title of the plaintiff to and his interest in the subject-matter of the action may properly be said to have been derived from, through, or under Edwin Young deceased. The testimony received was therefore, I think, clearly within the spirit and letter of the rule prohibiting the reception in evidence of a communication with a person since deceased, and should have been excluded. It was material evidence, and must have had its influence upon the trial, and for the error in its reception the judgment should be reversed.

Judgment reversed upon questions of law only, referee discharged, and a new trial granted; costs to abide the event. All concur; PARKER, P. J., in result.