BYERER v. SMITH.

(Supreme Court, Appellate Division, Fourth Department. November 20, 1900.)

1. WITNESSES—INCOMPETENCY—CONVERSATION WITH DECEASED PERSON.
    Code Civ. Proc. § 829, provides that on the trial of an action a party shall not be examined as a witness in his own behalf, against a person deriving his title or interest from a deceased person, concerning a personal transaction between the witness and decedent. *Held*, in an action for conversion, that where the property was in the possession of defendant's husband at the time of his death, and defendant derived her possession through him, her possession constituted an "interest," within the statute, and hence plaintiff could not testify concerning a conversation with de-·cedent relating to the property; and this though defendant was present at such conversation.

2. SAME—EVIDENCE—ADMISSIBILITY.
    Where, in an action for conversion, it appeared that decedent and plaintiff had a conversation with respect to the property in defendant's possession, the fact that a question asked plaintiff was framed so as to call for a conversation with decedent and defendant did not render the testimony admissible, where there was no evidence to show that defendant took any part in the conversation.
    Spring and Laughlin, JJ., dissenting.

Appeal from Onondaga county court.

Action by Benedicta Byerer against Theresa Smith. From a judgment in favor of plaintiff, and from an order denying a motion for a new trial, defendant appeals. Reversed.

The action was commenced on the 8th day of November, 1899, to recover the value of a watch, chain, and charm, which it is alleged were the property of the plaintiff, and of the value of $1,000, and which the defendant wrongfully converted to her own use.

Argued before ADAMS, P. J., and McLENNAN, SPRING, WILLIAMS, and LAUGHLIN, JJ.

E. I. Edgcomb, for appellant.
D. B. Magee, for respondent.

McLENNAN, J. Concededly, in 1886 the plaintiff received the watch, chain, and charm in question from her brother, who resided in Austria, as a gift or present, and immediately delivered them to her son, Frank Byerer, who was then the husband of the defendant. The son retained possession of the property until his death, in September, 1890, when the defendant, as his widow, obtained the same, and kept the property in her possession until 1894, when she sold or exchanged the articles for another watch. The plaintiff claims and alleges in her complaint that ever since she received the property from her brother, in 1886, she has at all times been the owner thereof, and that the defendant wrongfully converted the same to her own use. The defendant, by her answer, denies the plaintiff's title to or ownership of the property in question. At the commencement of the trial the plaintiff, for the purpose of establishing her cause of action, was sworn as a witness in her own behalf. Upon her direct examination the following evidence was given:

"I am the plaintiff, and reside at 604 Division street. I am seventy-seven years old, and am the mother of Frank Byerer. I received from my brother in Austria a gold watch, charm, and chain. Q. On or about the 15th day of January, 1886, in the presence of this defendant, did you have a conversation in relation to this watch, charm, and chain with Frank Byerer and the defendant? Defendant's Attorney: I object to it as incompetent, immaterial, inadmissible under the pleadings, and incompetent under section 829 of the Code of Civil Procedure. (Overruled. Exception.) A. The conversation was that he should take care of the watch that I got from my brother. Q. During that time, in the presence of the defendant, did you have a conversation with him (Frank Byerer) and the defendant in regard to this watch? (Objected to as incompetent, immaterial, inadmissible under the pleadings, and incompetent under section 829 of the Code of Civil Procedure. Overruled. Exception.) A. Before he died. Q. State what that conversation was. (Objected to upon the same grounds as stated in former objection. Overruled. Exception.) A. I told him that he should take the watch. Q. Did you have any other conversation at that time in regard to Mrs. Smith, the defendant, having the custody of the watch while she bore the name of Frank Byerer? (Objected to same as before, and upon the further ground that it is leading. Overruled. Exception.) A. As long as she had the name of Byerer. After that she was to return it to me."

At the close of plaintiff's direct examination a motion was made by defendant's attorney as follows:

"I move to strike out all the evidence which the witness has given in regard to any conversation had with Frank Byerer, upon the ground that it is incompetent, inadmissible under the pleadings, and especially incompetent under section 829 of the Code. I think I objected to each question separately, but, if I did not, I want it covered by this motion. (Motion denied. Exception.)"

The foregoing was all the evidence given on the part of the plaintiff to establish her title or right to the possession of the property in suit.

It is urged on behalf of the appellant that the evidence was inadmissible, under section 829 of the Code of Civil Procedure, and that its reception under defendant's objection was such error as to require a reversal of the judgment appealed from. Section 829 of the Code provides:

"Upon the trial of an action * * * a party * * * shall not be examined as a witness in his own behalf or interest * * * against * * * a person deriving his title or interest from, through or under a deceased person * * * by assignment or otherwise, concerning a personal transaction between the witness and the deceased person."

It is clear that the defendant derived possession of the property in question through her husband, and we think such possession constituted an "interest," within the meaning of the section of the Code. The possession of the property by the defendant was presumptive evidence that she was the owner of and had title to it. It would have been conclusive in this case, except for the evidence of the plaintiff. The only fact testified to by the plaintiff, or which appeared in the case to establish her title, except the testimony relating to the personal transaction with her deceased son, was that in 1886, 13 years before the commencement of this action, she was the owner of the property in question. That fact alone would not have entitled her to recover, and the verdict of the jury must have been based upon the agreement alleged to have been made between the plaintiff and her deceased son, through whom the defendant, as

we have seen, derived her possession and "interest" in the prop-
erty in dispute. The defendant would not have been competent to
testify that the deceased gave her the property before his death.
Tilton v. Ormsby, 10 Hun, 7, affirmed in 70 N. Y. 609. It was equally
incompetent for the plaintiff to testify to a personal transaction be-
tween herself and the deceased which would tend to disprove such
alleged fact. The fact that the defendant was present at the time
of the conversation between the plaintiff and the deceased does not
make the evidence competent. Howell v. Taylor, 11 Hun, 214. In
that case the rule is stated in the headnote as follows:

"The words 'personal transaction,' as used in section 399 of the Code [Old
Code], do not mean private transaction; and the fact that the party against
whom the testimony is offered was present at the interview, and is living
and might be examined at the trial, does not authorize a party to the action,
or one who is interested in the event thereof, to testify as to what was said
to him by the testator at such interview."

Neither is it important that the form of the question objected
to called for a conversation with the deceased and the defendant,
because the evidence fails to show that the defendant took any part
in the conversation, or was in any sense a party to the transaction;
and after that fact clearly appeared the motion was made to strike
out the evidence, which was denied, and an exception taken. We
think the evidence objected to was erroneously received, and was
such error as requires a reversal of the judgment and order appealed
from. Having reached this conclusion, it is unnecessary to discuss
other alleged errors urged by appellant as ground for reversal. It
follows that the judgment and order appealed from should be re-
versed, with costs to the appellant to abide event.

Judgment and order of county court reversed, and new trial or-
dered, with costs to the appellant to abide event. All concur, ex-
cept SPRING and LAUGHLIN, JJ., who dissent.

SPRING, J. (dissenting). The plaintiff's claim is that she loaned
to her son the property in dispute; that the title was to vest in the
defendant subject to termination in case she remarried. This ar-
rangement was made by the plaintiff in the presence of her son
and his wife, who is the defendant. If this is the correct version,
the defendant derived no title or interest from her husband. He
was in possession to look after the property for his mother, with-
out the suggestion of ownership. The defendant therefore acquired
her defeasible title wholly from the plaintiff, by virtue of the ar-
rangement with her. The test in excluding testimony is, was the
title derived from the deceased person? Here it was not. The son
had no title or interest to transfer. He was simply "taking care"
of the plaintiff's property. As I view it, section 829 of the Code of
Civil Procedure has no application whatever to the case. The de-
fendant is liable for the return of this property, because she ac-
cepted it with the understanding that she would surrender it upon
the happening of a certain contingency, which has occurred. This
proposition was made to her, and she acquiesced in it. The fact
that her possession came through another, who held by favor of the

donor, but without title, does not bring the plaintiff within the inhibition of the statute because, forsooth, this intermediate possessor is dead. If the possession in such person was to continue for five years, and the arrangement had been with him alone, the talk with him by which it was consummated would not have been competent against the defendant, unless she knew of the plan, and accepted title with knowledge. That is true, whether the intervening possessor is dead or alive. In this case the testimony is admissible because the defendant was party to it and obtained title by reason of it. This action is brought by one party to a contract against the other to recover for the conversion of certain property. The person who had its temporary custody was present at the making of the contract, and agreed, in effect, to turn the property of the plaintiff over to the donee. This custodian is dead. It cannot be possible that his death prevents the owner from testifying to the agreement with the defendant through which the latter acquired all the title which ever came to her. If, in the conversation which occurred between the plaintiff, her son, and the defendant, the property had been delivered at once to the defendant, the plaintiff would not have been precluded from showing what took place, because the son happened to be present. Does it alter the rule because the son was the bailee of the property? The pith of the transaction is that defendant's interest was derived from the plaintiff. The statute is an exception to the general rule which permits a party to an action to testify in his own behalf. It should not receive a strained construction. The purpose of it is to prevent one party to a contract or arrangement from obtaining an undue advantage by giving his version of the transaction where the other participating party is dead. Here both are alive, and hence on an equal footing. The husband of the defendant, who was present at the making of the agreement, is dead; and it is sought to exclude the plaintiff because the husband took part in the talk, and the arrangement was substantially made with him in the presence of the defendant, and for her benefit, and with her approval. This drastic narrowing of the statute would make it a sword, instead of a shield to protect one who cannot give his narration of the transaction. There is no distinction between title or interest in this case. Whatever right the defendant has came from the plaintiff. The language of the section referred to is made to cover either title or interest. That is essential, because a person may have an interest not attaining to the dignity of a title, in its strict sense, yet sufficiently important to found a cause of action or defense. That is not this case. The title and interest here are one and the same. The judgment should be affirmed, with costs.