(95 Misc. Rep. 136)

## BLUMENTHAL v. KELSEY.

(Supreme Court, Appellate Term, First Department. May 26, 1916.)

WITNESSES ☞150(1)—TESTIMONY OF PARTY AGAINST SUCCESSOR IN TITLE OF DECEASED PERSON.

　　Under Code Civ. Proc. § 829, forbidding the examination of a party in his own interest as to personal transactions between him and a deceased

———
☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

person against a party deriving his title or interest from, through, or under a deceased person, testimony of plaintiff against defendant administrator as to conversations with administrator's predecessor, since deceased, *held* incompetent.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. § 653; Dec. Dig. ☞150(1).]

Appeal from City Court of New York, Trial Term.

Action by Bernhard Blumenthal against Clarence H. Kelsey, as administrator, etc. Judgment for defendant, dismissing the complaint at close of plaintiff's case, and plaintiff appeals. Affirmed.

Argued May term, 1916, before GUY, BIJUR, and COHALAN, JJ.

Rounds, Hatch, Dillingham & Debevoise, of New York City (George S. Brengle, of White Plains, of counsel), for appellant.

Elkus, Gleason & Proskauer, of New York City (Abram I. Elkus and William E. Collins, both of New York City, of counsel), for respondent.

BIJUR, J. Plaintiff sues for certain sums collected by defendant as rentals for billboard privileges on fences erected upon property in the northern part of this city. It appears from the pleadings and proofs that plaintiff had been a tenant of these premises for a long time prior to April 28, 1911; that on that date a paper was executed by plaintiff and defendant's predecessor in administration which provided (so far as material to this appeal):

"I, Bernhard Blumenthal, do hereby certify * * * that I * * * have surrendered and do hereby surrender any lease or tenancy that I have in the premises (described) as the same are now occupied by me, and that I have hired and taken the said premises * * * for the term of one month as a monthly tenant only at the monthly rental of $2.50."

Plaintiff claimed and claims that defendant collected the rent for the billboard privileges on the fences situated on this property during the term of plaintiff's occupancy beginning May 1, 1911, and the collection of such rents is admitted by the defendant. This appeal is taken from the judgment on the second trial of the case.

On the first trial the court below was of opinion that the words "as the same are now occupied by me" qualified only the premises as surrendered, and did not limit the premises as newly rented, and thereupon directed a verdict for plaintiff. Upon appeal to this court it was held that the qualifying words limited the estate of the tenant under the instrument of April 28th itself, and that therefore no recovery could be had by him until he showed the character or extent of his occupation under the previous arrangements. Our opinion on the previous appeal is repeatedly referred to in the briefs on this appeal, apparently on the theory that we had determined all the questions of law in this case for the purposes of a second trial, regardless of whether they had been raised, or even suggested, on the first trial, or on the appeal from the judgment therein. It should be superfluous to state that such is not and cannot be the case.

On the second trial plaintiff apparently undertook to prove that the instrument of April 28, 1911, was not the complete agreement between the parties, but that there were other terms of that agreement made

orally (presumably referring to the extent of the premises leased), and sought to prove these terms by offering evidence of a conversation between plaintiff and defendant's alleged agent at the time. When objection was made to such evidence on the ground that there was no proof of agency, plaintiff undertook to testify as to his conversation subsequent to the execution of the instrument with a then living, but now deceased, administrator of decedent's estate; but such testimony was excluded upon the objection that it was obnoxious to the provisions of section 829 of the Code of Civil Procedure.

While it is true that this court suggested on the previous appeal that plaintiff's manifestly simplest course would be to prove the extent of his prior occupation, it does not follow by any means that that was the only mode of proof possible to sustain the complaint. It now appears that the defendant in his own answer alleges that the instrument of April 28, 1911, was not the complete agreement between the parties, but that some of the terms of that agreement were oral. Plaintiff, thus accepting defendant's own version of the transaction, has sought to show what these oral terms were.

The first objection taken to the evidence was that it was incompetent, immaterial, and irrelevant. Subsequently, and on a recasting of the form of the question, a bare objection was taken, without explanation, and was sustained. Finally, it was objected to on the ground that the authority of the agent had not been shown. When plaintiff undertook then to prove a conversation with defendant's deceased predecessor as administrator, the objection that it was incompetent under section 829 was sustained. The section forbids the examination of a party in his own interest as to personal transactions between the witness and the deceased person against the executor, administrator, and survivor of that person "or [against] a person deriving his title or interest from, through or under a deceased person by assignment or otherwise." It is to this last clause of the provision that respondent appeals for his support.

However cogent may be the argument to the effect that an administrator appointed as the successor of a deceased administrator would not seem to be a person who has derived his title or interest from, through, or under his deceased predecessor, by assignment or otherwise, the latest decision is directly to the contrary (Carpenter v. Romer & Tremper Co., 48 App. Div. 363, 370, 63 N. Y. Supp. 274), overruling, though not in terms, Bump v. Pratt, 84 Hun, 201, 202, 32 N. Y. Supp. 538. In the absence of any controlling decision to the contrary, therefore, we are constrained to hold that the testimony offered was incompetent, and as the plaintiff's whole case as made depended practically on proving the agency of Hecht, and this proof is thus shown to have been incompetent, the complaint was properly dismissed.

Plaintiff also offered in evidence certain "papers," which were excluded. These "papers" seem to be a notice and petition in dispossess proceedings brought in December, 1913, by the defendant's predecessor against the plaintiff. If they are a part of the judgment roll in such a proceeding, they were, of course, competent, and might have

been material so far as they contain admissions or recitals bearing upon the extent of the premises leased by the plaintiff; for apparently they undertake to describe his tenancy under the agreement of April 28, 1911. The offer in evidence, however, was so informal and incomplete that no substantial question is presented by their exclusion.

Judgment affirmed, with costs.

GUY, J., concurs. COHALAN, J., concurs in result.