LEOPOLD LEVY, Respondent, *v.* LOUVRE REALTY COMPANY et al., Defendants, and HENRY B. KELLNER, Appellant.

Appeal — order of reversal by Appellate Division — presumption that reversal is on the law unless questions of fact on which reversal was made are specified or referred to by number or other designation — evidence inadmissible under section 829 of Code of Civil Procedure — order of reversal of Appellate Division directing judgment for plaintiff — when it should be modified and new trial ordered.

1. A reversal by the Appellate Division must be presumed to be on the law " unless the particular question or questions of fact upon which the reversal was made   *   *   *   are specified and referred to by number or other adequate designation in the body of the judgment or order appealed from." (Code Civ. Pro. § 1338.)   Hence the only safe course is to identify the rejected findings either by number or by other designation so unequivocal as to leave no room for construction.

2. Plaintiff who was the holder of a mortgage received part payment of the consideration for its transfer and a postdated check for the balance.   Plaintiff left with the maker of the check the original bond and mortgage, an assignment of it to plaintiff from the original holder and an assignment signed and acknowledged by plaintiff with the assignee's name a blank.   The person receiving these papers filled in the name of a party to whom he was indebted and delivered the instrument to him together with the bond and mortgage and the earlier assignment which was plaintiff's only evidence of title.   Plaintiff was allowed to prove as against such later assignee in behalf of his contention that he had a lien for the sum remaining unpaid on the transfer, that in a conversation with his assignor since deceased it was agreed that the blank assignment was delivered upon the condition that no effect was to be given to it until the postdated check was paid, and that in the event of non-payment all the documents were to be returned.   *Held*, that the testimony was inadmissible under section 829 of the Code of Civil Procedure.

3. The court at Trial Term admitted the evidence of the conversation but found that the delivery of the assignment was not conditioned on the payment of the check.   The Appellate Division

reversed the judgment and directed judgment for the plaintiff, holding that the delivery of the assignment was conditional. *Held*, that the judgment of reversal will not be interfered with, but that the direction for judgment in favor of plaintiff should be stricken out and a new trial granted.

*Levy* v. *Louvre Realty Co.*, 164 App. Div. 862, modified.

(Argued October 25, 1917; decided November 27, 1917.)

APPEAL from a judgment, entered March 23, 1915, upon an order of the Appellate Division of the Supreme Court in the first judicial department, reversing a judgment in favor of defendant, appellant, entered upon a decision of the court on trial at Special Term, and directing judgment in favor of plaintiff.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Charles Meyers, Louis J. Vorhaus* and *Joseph Fischer* for appellant. Since the judgment of reversal does not specify any question of fact upon which the reversal was made, it must be conclusively presumed that the judgment was not reversed upon a question of fact. (Code Civ. Pro. § 1338; *Moore* v. *Vulcanite P. C. Co.*, 220 N. Y. 320; *Nat. Harrow Co.* v. *Bement & Sons*, 163 N. Y. 505; *Metcalf* v. *Moses*, 161 N. Y. 587; *Newman* v. *N. Y. Mut. S. & L. Assn.*, 164 N. Y. 248; *Fritz* v. *Tompkins*, 168 N. Y. 524; *Henken* v. *Schwicker*, 174 N. Y. 298; *Dunlap & Co.* v. *Young*, 174 N. Y. 327; *Birkett* v. *Nichols*, 184 N. Y. 315.) The trial court erred in admitting plaintiff's testimony concerning personal transactions between himself and the deceased Hayman, through whom appellant claims. (Code Civ. Pro. § 829; *Matter of Smith*, 95 N. Y. 516; *Matter of Voorhis*, 1 How. Pr. [N. S.] 261; *Byerer* v. *Smith*, 55 App. Div. 405; *Mullins* v. *Chickering*, 110 N. Y. 513; *Witthaus* v. *Schack*, 105 N. Y. 332; *Freygang* v. *Train*, 42 Misc. Rep. 49; *Green* v. *Edick*, 56 N. Y. 613; *Clift* v. *Moses*, 112 N. Y.

426; *Manning* v. *Schmitt,* 4 App. Div. 131; *Weiss* v. *Meyer,* 95 Misc. Rep. 145.)

*I. Maurice Wormser* for respondent. The Appellate Division having unanimously reversed the findings made by the trial court and having made new findings, and these findings being supported by the evidence, they are now deemed conclusive. (*Acme Realty Co.* v. *Schinasi,* 215 N. Y. 495; *Ga Nun* v. *Palmer,* 216 N. Y. 603; *Hall* v. *O'Brien,* 218 N. Y. 50.) The court at Special Term did not err in admitting plaintiff's testimony concerning the transactions between himself and Morris H. Hayman. (Chase's Stephen's Dig. Law of Ev. [2d ed.] 270.)

CARDOZO, J. On January 31, 1910, the Louvre Realty Company made its mortgage to the Sherwood Construction Company to secure the payment of $17,000. The money was in fact supplied by the defendant Kellner and by one Hayman, now dead. Whatever the form of the security may have been, the beneficial ownership was theirs. In September, 1910, Hayman used this mortgage to procure from the plaintiff a loan of $5,000. In the name of the Sherwood Construction Company, he made an assignment of the mortgage, and gave it to the plaintiff as collateral. He received in return the plaintiff's check to the order of the company. Apparently he used the money for himself, and concealed the transaction from Kellner, his associate.

In February, 1911, the plaintiff's loan fell due, and payment was demanded. After some delay, he received from Hayman the latter's check for $3,000, dated March 27, 1911, and another check, postdated, for $2,000. There was left with Hayman the original bond and mortgage; the assignment from the Sherwood Construction Company to the plaintiff; and a new assignment of the mortgage, signed and acknowledged by the plaintiff,

with the assignee's name a blank. Under objection by the defendant Kellner, the plaintiff was allowed to state his conversation with Hayman when these papers were delivered. He says the blank assignment was delivered upon the condition that no effect was to be given to it unless the postdated check was paid. In the event of non-payment, all the documents were to be returned.

About this time there was an accounting between Hayman and Kellner. The latter had already advanced to the common enterprises much more than his share. Upon the settlement of the accounts, he paid $6,000 more. Hayman, to adjust the balance, gave him an assignment of the $17,000 mortgage. He used for that purpose the blank assignment which had been left with him by the plaintiff. He filled in Kellner's name as assignee, and delivered the instrument thus completed. A few days later the check for $2,000 was dishonored, and Hayman committed suicide.

The present contest is between the plaintiff on the one hand and the defendant Kellner on the other. The plaintiff says that he still has a lien upon the mortgage to secure the payment of $2,000. The defendant says that the delivery of the assignment was absolute, and that if any condition was affixed, it was never brought to his knowledge. The trial judge gave judgment in favor of the defendant. He found that there was no agreement between Hayman and the plaintiff to the effect that the assignment was to be conditioned upon the payment of the check. He found also that Kellner had taken the assignment from Hayman for value and in good faith. At the Appellate Division, the judgment for the defendant was reversed, and judgment ordered for the plaintiff. It was there held that the delivery of the assignment was conditional, and that Kellner, even though he had acted in good faith, was chargeable with the knowledge of Hayman, his copartner in the enterprise.

2

At the outset there is a question of practice. The order of the Appellate Division recites that the reversal is on the law and the facts. The statute says, however, that the reversal must be presumed to be on the law "unless the particular question or questions of fact upon which the reversal was made * *· * are specified and referred to by number or other adequate designation in the body of the judgment or order appealed from" (Code Civ. Pro. § 1338). In the order of the Appellate Division there is no reference by number to the findings of the trial judge. The question is whether there is some "other adequate designation." What the Appellate Division did was to wipe out the findings of the Special Term and substitute its own. The trial judge found that the delivery of the assignment was not conditional. That involved the determination of a question of fact, because the testimony, though uncontradicted, was that of an interested witness who spoke of transactions with a man then dead. The Appellate Division found that the delivery of the assignment *was* conditional. Take out the word "not," and the findings are the same. The antagonism is complete and unmistakable. What is negatived in the one, is affirmed in the other.

In these circumstances, we cannot fail to identify the findings which the Appellate Division intended to reverse upon the facts. The new findings are so plainly repugnant to those of the trial judge that the mere process of comparison supplies the "adequate designation" required by the statute. But it is not difficult to imagine cases where comparison would be quite inadequate. We ought not to be remitted to a process of doubtful inference in order to ascertain the grounds of the reversal. The only safe course is to identify the rejected findings either by number or by other designation so unequivocal as to leave no room for construction. We acquiesce in the practice followed in this case because of the special facts ⹌

before us. The precedent will not be extended readily to other cases and conditions.

We are thus brought to the merits. We assume, without deciding, as the Appellate Division held, that on the distribution of the assets of the joint adventure, Kellner was chargeable with any agreement made by Hayman, whether he knew of it or not. The question remains whether an agreement has been proved. The plaintiff testified that delivery of the assignment was, by agreement, subject to a condition. The defendant made the objection that under section 829 of the Code of Civil Procedure, the witness was incompetent to testify to a personal transaction with Hayman against the latter's survivor and assignee. We think the objection must be sustained.

It is important to keep in mind the precise issue that was litigated. The plaintiff alleged in his complaint that he had delivered a blank assignment to Hayman, and that Hayman had wrongfully delivered the assignment to Kellner. Kellner admitted the delivery by Hayman, but claimed that it was rightful. He asserted title under Hayman, both as surviving partner and as assignee. Section 829 of the Code excludes the testimony of a party concerning a personal transaction between the witness and a deceased person in an action against the executor or survivor of such deceased person, or against one deriving title from, through or under such deceased person by assignment or otherwise.

We cannot reconcile the admission of this testimony with the statutory rule. Hayman held an assignment duly signed and acknowledged. All that was necessary to complete it was the name of the assignee. The defendant says that power to insert the name may be inferred. The form of the instrument by itself is not controlling. The sharply defined presumption which protects the holder of commercial paper when issued with

blanks, and protects also the holder of other documents quasi-negotiable by custom, may be assumed to be inapplicable (Neg. Inst. Law, § 33; *Van Duzer* v. *Howe*, 21 N. Y. 531; *Ledwich* v. *McKim*, 53 N. Y. 307, 315; *Scollans* v. *Rollins*, 179 Mass. 346, 352; *People's Trust Co.* v. *Smith*, 215 N. Y. 488, 494; *Commercial Bk. of Buffalo* v. *Kortright*, 22 Wend. 348). There is rather a question of intent, and the intent must be gathered from the whole setting of the transaction as an inference of fact. But here the form of the instrument is not the only evidence of authority. It is supplemented by other circumstances which characterize the transaction. One may make a transfer of a mortgage by parol (*Strause* v. *Josephthal*, 77 N. Y. 622). Here coincidently with the assignment, checks were received; the bond and mortgage were returned; and the earlier assignment, the only evidence of plaintiff's title, was surrendered. These acts without more would be some evidence of a transfer (*Dean* v. *Millard*, 1 R. I. 283; *Larkin* v. *Hardenbrook*, 90 N. Y. 333; *Hammett* v. *Linneman*, 48 N. Y. 399; *Smith* v. *Lynes*, 5 N. Y. 41). Read together with the blank assignment, they are still more significant. They justify the inference that a present transfer was intended, and that Hayman had implied authority to fill in the blank, and name the assignee (*Richards* v. *Day*, 137 N. Y. 183, 187; *Chauncey* v. *Arnold*, 24 N. Y. 330, 333; *Vanderbilt* v. *Vanderbilt*, 54 How. Pr. 250, 253; *Drury* v. *Foster*, 2 Wall. 24, 33; *Creveling* v. *Banta*, 138 Iowa, 47; *Lamb* v. *Lamb*, 18 App. Div. 250, 260; *Scollans* v. *Rollins*, *supra*).

That is what he did. The legal effect is the same as if he had filled in his own name, and delivered a separate instrument to Kellner. On the face of the record, Kellner's title is perfect. The plaintiff seeks to override the apparent effect of instruments on their face sufficient by proving an agreement between himself

and Hayman that the latter should not have the power which would otherwise be inferred. He cannot do this by his own testimony when Hayman is dead (*Pope v. Allen,* 90 N. Y. 298; *Mullins* v. *Chickering,* 110 N. Y. 513; *Green* v. *Edick,* 56 N. Y. 613; *Clift* v. *Moses,* 112 N. Y. 426, 434; *Byerer* v. *Smith,* 55 App. Div. 405, 407).

The finding of a conditional delivery rests upon this testimony. For that reason, it cannot stand. The case has been tried and decided upon the theory of an express agreement, and not one implied in fact. But the evidence, though incompetent, is in the record. The trial judge, overruling the defendant's objection, received it. In such circumstances the Appellate Division was not required to disregard it without giving the plaintiff a chance to prove the agreement by the testimony of others (*Flora* v. *Carbean,* 38 N. Y. 111, 113; *Saranac & L. P. R. R. Co.* v. *Arnold,* 167 N. Y. 368, 371). Even without direct testimony, the whole transaction, when again disclosed, might suggest conflicting inferences. To determine their significance, the entire picture must be before us. We will not interfere, therefore, with that part of the judgment under review which reverses the judgment of the Special Term. We safeguard the rights of both parties by striking out the direction for judgment in favor of the plaintiff, and granting a new trial.

The judgment should be modified in accordance with this opinion with costs to the appellant in this court, and as so modified affirmed.

HISCOCK, Ch. J., CHASE, COLLIN, HOGAN and CRANE, JJ., concur; McLAUGHLIN, J., not sitting.

Judgment accordingly.