ALTA C. BRUNDIGE et al., Respondents, *v.* DOROTHY C. BRADLEY et al., Individually and Claiming to be Trustees, Appellants, et al., Defendants.

Argued May 24, 1945; decided July 19, 1945.

*James A. Deckop* for appellants. I. Under section 347 of the Civil Practice Act, plaintiffs should not have been permitted to testify against defendants-appellants regarding communications and personal transactions claimed to have taken place between them and their brother; this error not only requires a reversal of the judgment, but also the dismissal of the first cause of action. (*Pope* v. *Allen*, 90 N. Y. 298; *Farjeon* v. *Fulton Securities Cò.*, 225 App. Div. 541; *Brown* v. *Spohr*, 180 N. Y. 201; *Steinway* v. *Steinway*, 112 App. Div. 18, 197 N. Y. 522; *Carpenter* v. *Romer & Tremper Co.*, 48 App. Div. 363; *Blumenthal* v. *Kelsey*, 95 Misc. 136, 176 App. Div. 369; *Mullins* v. *Chickering et al.*, 110 N. Y. 513; *Brown* v. *Crossman*, 206 N. Y. 471; *Levy* v. *Louvre Realty Co.*, 222 N. Y. 14.) II. The Statute of Limitations is a bar to the maintenance of the fraud cause of action. (*Buttles* v. *Smith*, 281 N. Y. 226; *Gobel, Inc.*, v. *Hammerslough*, 263 App. Div. 1, 288 N. Y. 653; *Hearn 45th St. Corp.* v. *Jano*, 283 N. Y. 139; *Pitcher* v. *Sutton*, 238 App. Div. 291, 264 N. Y. 638; *Matter of Di Crocco*, 170 Misc. 826; *Ziring* v. *Corrugated Container Corporation*, 49 N. Y. S. 2d 686; *Stewart* v. *Penn. Mutual Life Ins. Co.*, 266 App. Div. 617.

293 N. Y. 674; *Schmidt* v. *Merchants Despatch Trans. Co.,*
270 N. Y. 287; *Seligson* v. *Weiss,* 222 App. Div. 634; *Schlimbach*
v. *McLean,* 83 App. Div. 157; *Higgins* v. *Crouse,* 147 N. Y. 411.)
III. The defense of laches should be sustained. (*Sielcken-
Schwarz* v. *American Factors, Ltd.,* 265 N. Y. 239; *Kellogg*
v. *Kellogg,* 169 App. Div. 395, 224 N. Y. 597.) IV. The trust
agreements do not violate the statute of perpetuities and the
Court of Appeals should pass upon this point so as to leave
no part of the controversy unsettled. (*Matter of Fenton,* 123
Misc. 658, 214 App. Div. 754; *People's Trust Co.* v. *Flynn,* 188
N. Y. 385; *Buchanan* v. *Little,* 6 App. Div. 527, 154 N. Y. 147;
*Orr* v. *Orr,* 147 App. Div. 753, 212 N. Y. 615; *Matter of Squiers,*
161 Misc. 257, 253 App. Div. 732, 278 N. Y. 580; *Union Trust
Co.* v. *Owen,* 77 App. Div. 60; *Equitable Trust Co. of N. Y.*
v. *Miller,* 197 App. Div. 391, 233 N. Y. 650; *Arthur* v. *Arthur,*
3 App. Div. 375.)

*Elijah W. Holt* for respondents. I. Section 347 of the Civil
Practice Act has no application and plaintiffs were competent
witnesses to give testimony to the fraudulent acts of Sherman
L. Cary which resulted in the trusts in question. (*Frank* v.
*Witlin,* 201 App. Div. 709; *Ward* v. *N. Y. Life Ins. Co.,* 225
N. Y. 314; *Melkon* v. *Kirk & Co.,* 220 N. Y. S. 551; *Heartwell*
v. *Berliner,* 207 N. Y. S. 737.) II. The Statute of Limitations
is not a bar. (*Dumbadze* v. *Lignante,* 244 N. Y. 1; *Rosenberg*
v. *Rosenberg,* 241 App. Div. 510; *Otier* v. *Neiman,* 96 Misc. 481;
*Roulston* v. *Warner,* 134 Misc. 459; *MacEwen* v. *City of New
Rochelle,* 149 Misc. 251.) III. To deny relief because of delay
in bringing this suit would be an act of patent injustice. IV. The
trusts in suit violate the statutes against perpetuities. (*Matter
of von Kleist,* 265 N. Y. 422; *Herzog* v. *Title Guarantee & Trust
Co.,* 177 N. Y. 86; *Matter of Grace,* 232 App. Div. 76.)

DESMOND, J. Plaintiffs in 1909 conveyed to their brother
Sherman L. Cary (now dead) in trust, nearly all of plaintiffs'
respective shares of the estate of their father, who had died
earlier in the same year. The father's will had provided for
trusts for the benefit of plaintiffs and others, but those trusts
were invalid and were ultimately so declared in legal proceed-
ings before competent courts. The living trusts above referred
to were arranged for in agreements between plaintiffs and

their brother, made after the father's death but before the invalidity of the father's testamentary trusts had been adjudicated. The formal transfers in trust were made by plaintiffs to their brother after those adjudications (or, to be accurate, after one of such adjudications). The brother, Sherman L. Cary, took and administered the living trusts so set up by plaintiffs, his sisters, until 1933, when Sherman L. Cary resigned and his two daughters, defendants-appellants Mrs. Bradley and Mrs. Hudson, became the successor trustees. That succession was accomplished by an agreement to that effect, signed by all concerned. At the time of that substitution of trustees, the new trustees were, as they are now if the trusts be valid, the potential remaindermen of the living trusts. Those trusts, in ultimate effect, named as remaindermen such children of the respective plaintiffs and such children of their brother Sherman L. Cary, as should survive plaintiffs. Both plaintiffs were married but childless when the trusts were written in 1909, and neither has ever had children. Defendants, the only children of Sherman L. Cary, were both born before 1909, so it was always the probability that they in the end would take the remainders. The original trustee, Sherman L. Cary, died in 1936.

The Trial Judge found on testimony which he accepted as true and which was sufficient for the purpose, that in 1941 plaintiffs learned for the first time that certain information as to the meaning and effect of the testamentary trusts, given plaintiffs by their brother in 1909 before the living trusts here involved were created, was false. The court found also that it was because of plaintiffs' reliance on those falsehoods that plaintiffs had complied with their brother's suggestion that they turn over to him in trust their shares of their late father's property. The present suit was brought against the successor trustees in 1943. The complaint contained several causes of action but only two of them survive for our consideration: one based on fraud and the other seeking relief on the ground that the living trusts were unlawful as offending against the New York Statute (Personal Property Law, § 11) as to "two lives in being". The trial court found that the necessary elements of a fraud suit had been proven and gave judgment for plaintiffs directing that the trust corpora, the amounts, etc., of which are not in

dispute, be delivered up by defendants to plaintiffs. The trial court did not, since he had given plaintiffs a judgment for fraud, consider it necessary to pass on the other, or " perpetuities ", cause of action for the same relief. The Appellate Division affirmed, three to two.

We pass first on the alleged defense pleaded as against the first above-described cause of action, that it was not sued on within the time limited by statute. We hold that it was not so barred. Despite the allegations and proof as to a fiduciary relationship between plaintiffs and their brother, there were also allegations and proof of fraud, so as to make the count one " to procure a judgment on the ground of fraud " within section 48, subdivision 5, of the Civil Practice Act. (See *Mannaberg* v. *Klausner,* 269 App. Div. 682, affd. 294 N. Y. 859; *Nasaba Corp.* v. *Harfred Realty Corp.,* 287 N. Y. 290.)

The next question, still dealing with the fraud case, is as to the applicability to plaintiffs' testimony of section 347 of the Civil Practice Act, which makes incompetent the testimony of such interested persons concerning transactions with a deceased person, as against certain other persons. Plainly, plaintiffs were " interested in the event ". They have been allowed to testify, over objection, to transactions with their deceased brother, Sherman L. Cary, the original trustee. That testimony was, under the statute, incompetent if defendants, the successor trustees, are persons " deriving his (their) title or interest from, through or under " Sherman L. Cary, " by assignment or otherwise ". Our views, and those of the law commentators, as to the justice or utility of section 347, are beside the point. The Legislature has left the law on the books, indeed has revised it in recent years. Defendants took the trusts in 1933 by transfer from their father. Those transfers needed, and had, the consent of plaintiffs as beneficiaries, but the transfers were by the father, nonetheless (see discussions in Scott on Trusts, § 110, and Restatement of Trusts, §§ 106 *et seq*). Before 1933 the full title to the trust assets was in Sherman L. Cary as trustee, and that same title, by his grant, passed to his daughters, the defendants. True, no personal claim is being made against Sherman L. Cary's estate, and that estate is not affected by the judgment below, but the applicability of the statute does not depend on whether the

deceased person's estate gains or loses by the outcome of the case. In *Carpenter* v. *Romer & Tremper Co.* (48 App. Div. 363), plaintiff, successor of a deceased executor, objected to testimony of a defendant's witness, interested in the event and who with deceased had owned all the stock of a corporation. That witness was allowed at the trial to describe a transaction with a former executor, then deceased, who was plaintiff's predecessor, as to an alleged agreement reducing the amount due from defendant to the estate represented by plaintiff. On appeal that evidence was ruled incompetent (followed in *Blumenthal* v. *Kelsey,* 95 Misc. 136, see discussion in Greenfield's " Testimony under sec. 347, C. P. A.", at pp. 228–229). Another case in which the successor of a deceased person was successful in ruling out testimony as to transactions with the deceased, although the property rights of the deceased other party to the transaction were not being affected, is *Levy* v. *Louvre Realty Co.* (222 N. Y. 14). How far the courts have gone in interpreting the language of section 347 which defines the persons protected, is illustrated by *Pope* v. *Allen* (90 N. Y. 298), and *Mullins* v. *Chickering et al.* (110 N. Y. 513). We conclude that plaintiffs' testimony as to their brother's alleged deceptions and false statements was incompetent. This requires a new trial, but such a trial would serve no purpose if plaintiffs are entitled to judgment on their other cause of action, in which they assert the invalidity, as involving a suspension of absolute ownership for more than two lives, of the living trusts.

Although, as aforesaid, the trial justice did not pass, one way or the other, on that second cause of action, we can and do decide it. No questions of fact are involved in it, only an examination of the two independent and separate transfers in trust, one by each plaintiff, to the brother. We will not describe the provisions of those indentures in detail, but state only our conclusion, that, despite the references therein to plaintiffs' mother and to their brother, there were in each living trust only two measuring lives, the lives of plaintiffs themselves. Each trust was to terminate at the end of those two lives. We see no contravention of the statutory rule against perpetuities.

Our conclusion that, on the undisputed documents, these are not unlawful trusts, makes it unnecessary to decide what, if any, statute of limitations is applicable to such a cause of action

pleaded by a cestui against the trustee of an express trust. (See *Decouche* v. *Savetier*, 3 Johns. Ch. 190; *Lammer* v. *Stoddard*, 103 N. Y. 672; *Merritt* v. *Merritt*, 32 App. Div. 442, 453, affd. 161 N. Y. 634; *Spallholz* v. *Sheldon*, 216 N. Y. 205, 209.)

The defense of laches urged by defendants against each cause of action, and overruled by the trial court as to the fraud count, raises no question of law.

The judgments should be reversed and a new trial granted, with costs to abide the event.

LEHMAN, Ch. J., LOUGHRAN, LEWIS, CONWAY, THACHER and DYE, JJ., concur.

Judgments reversed, etc.